514 P.2d 458

Andrew Milo NOBLE, Petitioner,

v.

The STATE of Arizona, Respondent.

Dallas RICHIE, Jr., Petitioner,

v.

Harold CARDWELL, Warden, Respondent.

Nos. H–281–3 and H–671.

Supreme Court of Arizona,
In Banc.
Sept. 14, 1973.

Andrew Milo Noble, Dallas Richie, Jr., in pro per.

Gary K. Nelson, Atty. Gen., Phoenix, for respondents.

**538**

PER CURIAM.

These are petitions for writs of habeas corpus filed in this court on 7 September 1973 and 11 September 1973.

By this opinion we decide only one question and that is: Are these petitions, commenced after 1 September 1973, but based upon an initial criminal proceeding commenced prior to 1 September 1973, governed by Rule 32 of the new Arizona Rules of Criminal Procedure 1973, 17 A. R.S.?

Rule 32 of the Rules of Criminal Procedure 1973 sets forth the procedure to be followed in seeking post-conviction relief in the courts of the State of Arizona. Rule 32.3 reads as follows:

"This proceeding is a part of the original criminal action and not a separate action. It displaces all post-trial remedies except post-trial motions, appeal and *habeas corpus*. If a petitioner applies for a writ of *habeas corpus* in a court having jurisdiction of his person attacking the validity of his conviction or sentence, that court may under this rule transfer the cause to the court where the petitioner was convicted or sentenced and the latter court may treat it as a petition for relief under this rule."

Rule 32.4 provides:

"a. Form, Filing and Service of Petition. A proceeding is *commenced* by filing a petition with the clerk of the Superior Court in which the conviction occurred, on a form furnished by the clerk of that court. A petition may be filed at any time after the entry of judgment and sentence. It shall bear the caption of the original criminal action or actions to which it pertains. Upon its receipt, the clerk shall file a copy of the petition in the case file of each such original action and promptly send copies to the county attorney and the attorney general, noting the date and manner of sending in the record." (Emphasis added)

However, Rule 1.5 of the rules reads as follows:

"These rules shall govern all criminal actions commenced on or after twelve o'clock midnight, 1 September 1973."

The apprehension, adjudication, and disposition of a criminal matter is part of one continuous process from arrest to determination on appeal, and the new Rules of Criminal Procedure apply only to those cases commenced after 1 September 1973.

Post-conviction relief under Rule 32, however, is a distinct and separate adjudication in that new relief is asked for and a new hearing may be required and therefore a new action, even though, for purposes of uniformity, completeness, and convenience in filing and hearing, the matter is considered "a part of the original criminal action." Rule 32.3, Rules of Criminal Procedure 1973.

We therefore hold that although based upon convictions resulting from matters which were commenced before 1 September 1973, a petition for writ of habeas corpus or any other petition for post-conviction relief under Rule 32 is a new action for the purposes of the 1973 criminal rules and is considered "commenced" on the day it is filed.

It is therefore ordered, pursuant to Rule 32.3 of the Rules of Criminal Procedure 1973, that the two above captioned petitions be transferred to the Superior Court of Maricopa County for such further action consistent with Rule 32, Rules of Criminal Procedure 1973, as that court might deem appropriate and proper under the circumstances.