**308**

518 P.2d 558

**STATE of Arizona, Appellee,**

v.

**Roger G. MONTGOMERY, Appellant.**

**No. 2774.**

Supreme Court of Arizona,
En Banc.

Feb. 7, 1974.

Gary K. Nelson, Atty. Gen., by Michael C. Anderson, Asst. Atty. Gen., Phoenix, for appellee.

Jim D. Smith, Yuma, for appellant.

HAYS, Chief Justice.

Defendant, Roger G. Montgomery, pleaded guilty in Yuma County to being under the influence of a narcotic drug. He was then tried and found guilty of possession of heroin. Sentence was suspended in both cases and defendant was placed on probation for five years. He did not appeal. Two months later he was brought before the court in a probation violation hearing wherein he was alleged to have possessed marijuana and purchased tires with a forged credit card slip. These last two acts were allegedly committed and charges therefor were pending in Maricopa County. There, a plea bargain was made whereby he agreed to admit a violation of his probation terms in return for a dismissal of the marijuana charge.

Because of the pendency of the criminal charge in Maricopa County, the judge in Yuma County, at the hearing, did not question him about the probation violation details which were contained in an affidavit signed by defendant's probation officer. At the beginning of the hearing, defense counsel stated to the judge: "At this time defendant is prepared to admit the allegations contained in the affidavit." The following colloquy then took place:

> [The judge, to defense counsel] "I think that this Court can, if you so agree, proceed if the defendant admits that he has violated his probation, without a discussion of the specific facts."
>
> *    *    *    *    *    *
>
> [The judge, to defendant] " . . . I'm not going to interrogate you in detail as to exactly what you admit in the probation violation, except to say that there must be no question that it must be admitted; that the violation is sufficiently serious that the Court is justified in revoking the probation and sentencing the defendant."

\*   \*   \*   \*   \*   \*

"Now I will ask you, and you may confer with [your attorney] before you answer me if you wish, if you are willing to admit that since you were placed on probation you have violated that probation in a sufficiently serious manner that the Court is justified in revoking the probation and sentencing you?"

To this question the defendant answered in the affirmative, after which the court then continued:

"All right. That is your decision then, Mr. Montgomery, to admit that you have violated the probation in a manner sufficiently serious to justify a sentence?"

Again, the defendant answered in the affirmative.

Defendant's position, on appeal, is that the admission is merely a conclusion; that it did not admit any specific facts; that the determination of whether the probation violations were serious enough to justify sentencing is a judicial function which cannot be performed by the defendant himself; and that, as in cases of guilty pleas, the court must satisfy itself that there is a factual basis for the violation. Defendant's brief argues that the judge should have "examined the facts by specific questions addressed to the defendant," instead of allowing defendant and his attorney to make the determination of whether the violations were serious enough to justify sentencing. Here, claims defense counsel, defendant merely admitted "the abstract concept of violating his probation," and there was an abuse of discretion by "failure to conduct an adequate investigation into the facts necessary for an intelligent exercise thereof." We do not agree.

Revocation of probation is governed by A.R.S. § 13–1657(B) which provides that probation may be revoked:

"[I]f the court, in its judgment, has reason to believe that the person so placed upon probation is violating the conditions of his probation, . . . ."

■ In the instant case, defendant did not want to be questioned on the facts, because of possible incrimination with reference to the charges pending in Maricopa County, and he made his admission as a part of a plea bargain by which another charge was dismissed. He could have relied upon the Fifth Amendment, refused to answer questions, and placed the burden on the state to produce witnesses to prove the violations, were it not for these other considerations. Had he done so, the Maricopa County Attorney perhaps would have reinstated the marijuana charge. All in all, therefore, it was in his best interest to admit the violation and the sufficiency of its seriousness. He waived a known right in open court in the presence of his counsel and did it for a known benefit to him. To allow him now to repudiate his admission would at the very least require that some objection be made at the hearing, in order to preserve his rights on appeal. See State v. Ingles, 110 Ariz. 295, 518 P.2d 118 (1974).

The cases cited by defendant in his brief are not relevant and no purpose would be served by distinguishing them.

We hold that the revocation of probation was procured by and for the benefit of the defendant, not merely without any objection, but also by his active cooperation, and therefore cannot be questioned on this appeal.

Affirmed.

CAMERON, V. C. J., and STRUCK-MEYER, LOCKWOOD, and HOLOHAN, JJ., concur.