522 P.2d 780

**STATE of Arizona, Appellee,**

**v.**

**Hullie Charles HUGHES, Appellant.**

**No. 1 CA–CR 609.**

Court of Appeals of Arizona,
Division 1,
Department B.

June 4, 1974.

Gary K. Nelson, Atty. Gen. by R. Wayne Ford, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, Maricopa County by Paul J. Prato, Deputy Public Defender, Phoenix, for appellant.

Hullie Charles Hughes, in pro per.

## OPINION

EUBANK, Judge.

On August 2, 1971, the appellant pled guilty to the charge of assault with intent to commit robbery, A.R.S. § 13–252. The imposition of sentence was suspended for five years and the appellant was placed on probation, a condition of which being that he serve a one-year period in the Maricopa County jail. After serving his one year, the appellant began his probationary period outside of jail which was subsequently revoked on May 23, 1973, because he was using heroin. He was sentenced to a·term of not less than seven nor more than ten years in the state prison. The appellant filed notice of appeal on July 2, 1973, alleging error with respect to the revocation of his probation.

Briefs were filed by the appellant in propria persona, and by the Maricopa County Public Defender, both alleging error in the trial court. The contentions raised on appeal are as follows: (1) that the trial

court failed to hold the two hearings required by Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), in probation revocation proceedings; (2) that the trial court failed to establish that the appellant's admission of the probation violation was knowingly and intelligently made; (3) that the appellant was not given credit against his sentence for the time spent in jail pursuant to the probation condition. The appellant also alleges various grounds for error with respect to his original 1971 conviction for assault with intent to commit robbery. These include inadequate representation by trial counsel, and an involuntary plea because of misrepresentations which allegedly occurred during the plea bargaining.

The notice of appeal was filed by the appellant nearly two years after the entry of his 1971 conviction, a period far in excess of the 60 days provided for in Rule 348, Rules of Criminal Procedure, 17 A.R.S. The courts of this State have consistently held that if a defendant is found guilty and placed on probation he must appeal from his judgment of guilt within the requisite time period and not some time later after his probation has been revoked when the time period has already elapsed. State v. Ward, 108 Ariz. 288, 496 P.2d 588 (1972); State v. Jackson, 16 Ariz.App. 476, 494 P.2d 376 (1972). Therefore, we will not consider the merits of appellant's argument with respect to his 1971 conviction since he failed to appeal from the judgment.

The appeal with respect to the probation revocation is timely. The appellant was arrested on April 18, 1973, pursuant to a bench warrant issued as a result of a preliminary order of revocation of probation issued by Judge Martin. The appellant remained incarcerated until a revocation hearing was held on May 23, 1973. At the hearing the appellant's counsel, in appellant's presence, denied the allegations that the appellant had left the State and changed his address without the permission of the probation department. However, he did admit the alleged use of heroin by his client, requesting placement of the appellant on a drug rehabilitation program. The court immediately found that the condition of probation had been violated, revoked his probation and sentenced the appellant to a term of not less than seven nor more than ten years in the State Prison.

The appellant argues initially that the two-hearing requirement of Gagnon, *supra* which became effective on May 14, 1973 (nine days prior to this hearing) was not met. We agree. The United States Supreme Court in Gagnon held that the same conditions specified in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) for parole revocation hearings likewise applied to probation revocation. The Court in Morrissey stated:

"The first step in a revocation decision thus involves a wholly retrospective factual question: whether the parolee has in fact acted in violation of one or more conditions of his parole. Only if it is determined that the parolee did violate the conditions does the second question arise: should the parolee be recommitted to prison or should other steps be taken to protect society and improve chances of rehabilitation?" 408 U.S. at 479–480, 92 S.Ct. at 2599.

While in Gagnon the U. S. Supreme Court stated:

"The final hearing is a less summary one because the decision under consideration is the ultimate decision to revoke rather than a mere determination of probable cause, but the 'minimum requirements of due process' include very similar elements:

'(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing con-

frontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole.' "

411 U.S. at 786, 93 S.Ct. at 1761.

■ Although the trial court cannot be faulted for failure to apply a rule which was not circulated to the bar in time to be applied to the case at bar, it is quite clear from a review of the record that such a two-hearing procedure was not held, and accordingly the matter must be remanded in order for the trial court to conduct a second or "final hearing" as required by Gagnon, *supra*.

■ The appellant contends that the hearing conducted which found that he had violated the conditions of his probation also contains error and must be vacated. He argues that the safeguards established for accepting guilty pleas in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L. Ed.2d 274 (1969), should be extended to the court's acceptance of admissions in probation revocation proceedings. We are cognizant of the fact that the new Rules of Criminal Procedure, which became effective on September 1, 1973, provide that the court must personally address the probationer before accepting an admission. Rule 27.8, Rules of Criminal Procedure, 17 A.R.S. However, these rules were not applicable to the hearing in the case at bar, and we are of the opinion that such a safeguard is not constitutionally required. An admission, in the nature of a confession, can simply not be equated with a plea of guilty which acts as a conviction and waives numerous trial rights. *See* Boykin, *supra*. The record shows that the appellant's counsel, in the appellant's presence, admitted to the trial court judge that the

allegation of the appellant's use of heroin was true. The rule is well established in this jurisdiction that a defendant is bound by courtroom concessions made by his counsel in his presence. State v. Hooper, 107 Ariz. 327, 487 P.2d 394 (1971); State v. Brown, 107 Ariz. 252, 485 P.2d 822 (1971). Accordingly, we do not find the trial court's failure to personally address the appellant or to advise the appellant of his rights and the consequences of his admission as affecting the validity of that admission or the resultant finding that the probation conditions had been violated. *See* State v. Montgomery, 110 Ariz. 308, 518 P.2d 558 (1974).

■ The appellant also contends that he should have received credit in his sentence for the time he spent incarcerated pursuant to the conditions of probation imposed at his 1971 conviction. We would note initially that this question need not be decided since our holding requires the vacating of the sentence imposed and the holding of a final hearing to determine if the appellant's probation should be revoked. However, it is clear from the record that the sentence imposed when added to the time spent in probationary incarceration does not exceed the statutory maximum applicable, A.R.S. § 13–252. In such a case, we must conclusively presume that the trial court properly credited the appellant's sentence for such incarceration. *See* State v. Gordon, 19 Ariz.App. 339, 507 P.2d 678 (1973).

Accordingly, the revocation of probation and the sentence imposed therefrom are vacated and this matter is remanded so that the trial court can conduct a final hearing in accordance with the guidelines laid down in Gagnon, *supra*. In all other respects the matter is affirmed.

HAIRE, P. J., Department B, and JACOBSON, C. J., Division 1, concur.