534 P.2d 461
STATE of Arizona, Appellee,
v.
Frank CHAMBERS, Appellant.
No. I CA–CR 737.

Court of Appeals of Arizona,
Division 1,
Department A.
April 22, 1975.

Bruce E. Babbitt, Atty. Gen., by Teresa S. Thayer, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by John Foreman, Deputy Public Defender, Phoenix, for appellant.

## OPINION

FROEB, Judge.

The sole issue in this case concerns the effect of conducting a revocation of probation proceeding beyond the maximum period of 20 days provided for in Rule 27.7, Rules of Criminal Procedure, 17 A.R.S.

On June 8, 1973, after the defendant had pled guilty to illegal possession of a narcotic drug, a felony, the Superior Court of Maricopa County suspended the imposition of sentence for a period of five years and placed the defendant on probation. On March 7, 1974, a petition to revoke probation was filed in Superior Court, alleging that the defendant had violated the terms and conditions of his probation. A warrant for his arrest was issued, and on March 21, 1974, the defendant was arrested. His initial appearance on the revocation petition was held on March 25, 1974. On April 12, 1974, a hearing was held at which the defendant denied the allegations of the petition. On April 18, 1974, another hearing was held, at which testimony was taken from the defendant and his probation officer concerning the allegations. The trial court found, at the end of the hearing, that the defendant had violated the terms and conditions of his probation. He was sentenced on April 26, 1974, to serve not less than four nor more than six years in the Arizona State Prison, with the sentence to begin as of March 20, 1974. This appeal followed.

There is no dispute that the revocation proceeding was held 24 days after the defendant's initial appearance. The defendant contends that the violation of Rule 27.7 of the Rules of Criminal Procedure denied him due process and for that reason the sentence should be vacated.

Rule 27.7, Rules of Criminal Procedure, reads:

"a. Hearing. A hearing to determine whether probation should be revoked shall be held before the sentencing court no less than 7 and no more than 20 days after service of the summons or the probationer's initial appearance under Rule 27.6, unless the court, upon the written request of the probationer, sets the hearing for another date."

The State responds that since this case originated by complaint prior to September 1, 1973, the new Rules of Criminal Procedure do not apply. We have held that the new Rules of Criminal Procedure do apply to a revocation of probation proceeding initiated after September 1, 1973, in a case where the complaint was filed prior to September 1, 1973. State v. Brown, 23 Ariz. App. 225, 532 P.2d 167 (1975); cf., Noble v. State, 109 Ariz. 537, 514 P.2d 458 (1973).

Since Rule 27.7 is applicable, it is clear that the hearing to determine whether probation should be revoked should

have been held within the 20-day period. The language of the rule is unequivocal; the purpose of it is to protect probationers from lengthy unwarranted incarceration. If it were specifically referred to in the sanction provisions of Rule 8.6 which deal with the failure to provide a speedy trial, we would, of course, apply the sanction of that rule as construed recently by the Arizona Supreme Court in State ex rel. Berger v. Superior Court, 111 Ariz. 335, 529 P.2d 686 (1974). But it is not. Therefore, we must review the violation of the rule from the standpoint of the constitutional right of due process. In the first instance, appellant made no objection to holding the hearing four days beyond the time limit. The record reveals that the appellant was given credit for pre-hearing incarceration so that the delay in the hearing resulted in no prejudice to him. We find no unconstitutional deprivation of rights requiring us to vacate the hearing and sentence imposed. See State v. Vassar, 111 Ariz. 487, 533 P.2d 544 (1975). This is not to say, however, that we approve the failure of the trial court to observe the clear language of Rule 27.7.

For the reasons stated, the sentence is affirmed.

OGG, P. J., and DONOFRIO, J., concurring.