540 P.2d 1224

**STATE of Arizona, Appellee,**

v.

**Benny Macias GOMEZ, Appellant.**

**No. 3148.**

Supreme Court of Arizona,
En Banc.

Oct. 9, 1975.

N. Warner Lee, Former Atty. Gen., Bruce E. Babbitt, Atty. Gen. by Grove M. Callison, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Garth V. Smith, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

This is an appeal from a trial court order revoking the probation of Benny Macias Gomez and sentencing him to a term of not less than three nor more than four years in the Arizona State Prison. This court has jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court.

Several issues have been presented: (1) the appropriateness of an appeal; (2) the sufficiency of the evidence; (3) the failure to have a final hearing; (4) whether Gomez was given credit for the time he already served in jail.

Gomez pled guilty to the charge of driving while intoxicated while his license was suspended, revoked or refused. ARS § 28-692.02. The imposition of sentence was suspended for a period of three years and Gomez was placed on probation.

On August 7, 1974, a probation officer filed a petition to revoke probation alleging that Gomez had violated certain terms of his probation: (1) changing his place of residence without the permission of his probation officer; (2) using intoxicating liquor; (3) not remaining employed; (4) not reporting in person or in writing to the probation officer; (5) failing to make restitution payments.

A preliminary hearing was held. At its conclusion, the trial judge found as a matter of fact that Gomez had violated the conditions of his probation in the manner complained of with the exception of using intoxicating liquor.

This court has held that a petition for post-conviction relief is considered commenced on the day that it was filed

and not on the date of filing the original criminal action. *Noble v. State*, 109 Ariz. 537, 514 P.2d 458 (1973). The petition to revoke Gomez' probation was filed after the effective date of the new rules of criminal procedure which therefore are the applicable rules.

Pursuant to the 1973 Rules of Criminal Procedure, a person dissatisfied with a revocation of his probation and a sentence thereon may proceed pursuant to Rule 31 or Rule 32, 1973 Rules of Criminal Procedure. *State v. Brown*, 112 Ariz. 29, 536 P.2d 1047 (1975). This appeal was properly brought.

All the terms and conditions of probation are to be in writing and a copy given to the probationer. Rule 27.1, 1973 Rules of Criminal Procedure. The term referred to in the revocation petition and at the hearing that Gomez was to report in person or in writing to his probation officer was not one of the conditions imposed by the sentencing judge.

■ We briefly note that this discrepancy was not raised at the revocation hearing. We also note that at the time that the terms of probation were imposed, the 1973 Rules of Criminal Procedure were not in effect and under the former rules, the conditions of probation did not have to be in writing. However, under the present rules, not only must the terms and conditions of probation be in writing, probation cannot be revoked for a violation of a condition of which the probationer had no written notice. Rule 27.7(d), 1973 Rules of Criminal Procedure.

■ Whether under the former or the present rules, revocation of probation was proper in this instance. The trial judge expressly found that Gomez had violated three conditions of his probation other than the one of which Gomez was unaware. Each of the three violations was sufficiently supported by the evidence, contrary to the assertions of the appellant, and one was admitted by Gomez. Each of the violations would have been a valid basis on which to revoke probation. The situation is analogous to submitting several criminal counts against an individual to a trier of fact and letting the trier of fact determine guilt or innocence on each count separately without regard to the other allegations. The analogy can be carried further that if a person is found guilty of two counts and one is a lesser included offense of the other, only one penalty is appropriate. *State v. Benge*, 110 Ariz. 473, 520 P.2d 843 (1974). Not reporting to a probation officer is implied in changing residence without permission, particularly when the probationer had, in fact, been reporting until that time. Only one penalty has been imposed, the revocation of probation.

Gomez would have us find that the revocation of probation proceedings denied him the due process of law under the mandates of *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

■ *Morrissey v. Brewer, supra*, held that a second hearing was required "if it is desired" by the parolee. This was applied to the probationer in *Gagnon v. Scarpelli, supra*. See Rule 27.7, 1973 Rules of Criminal Procedure (1975 rev.). At the one hearing in this case, the trial judge twice asked if Gomez wished another hearing "for any purpose at all." Defense counsel indicated that Gomez had nothing to add and that there were no further statements to be made or witnesses to be called. We believe that Gomez waived the further hearing and cannot now complain.

■ He urges that the trial court failed in his case to consider the four months he initially spent in jail prior to being released on probation. The trial judge is to consider the time spent in custody. Rule 26.10(b)(2), Rule 27.7(d) and comment, 1973 Rules of Criminal Procedure. The record in this case is ambiguous. We therefore modify the sentence imposed to take into account the four-month period previously served by Gomez.

The judgment and sentence are affirmed as modified.

STRUCKMEYER, V. C. J., and HOLO-HAN and GORDON, JJ., concur.

CAMERON, Chief Justice:

I concur in the result.