541 P.2d 1156

**STATE of Arizona, Appellee,**

v.

**Billy WHITE, Appellant.**

**No. 3233.**

Supreme Court of Arizona,
En Banc.

Nov. 4, 1975.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer III and Shirley H. Frondorf, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Garth V. Smith, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

Billy White appeals from a trial court order revoking his probation and sentencing him to 5 to 10 years in the Arizona State Prison. This court has jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court.

White was found guilty after a jury trial of assault with a deadly weapon. The sentence was suspended and he was placed on probation for 10 years. Subsequently, a petition to revoke probation was filed, and a bench warrant was issued for the arrest of the appellant. Appellant was arraigned on the probation violation on January 15, 1974, and a preliminary revocation hearing was held on February 4, 1974. The court determined that appellant had violated the terms and conditions of his probation. On March 4, 1974, appellant's probation was revoked and appellant was sentenced to 5 to 10 years in the Arizona State Prison.

Appellant contends that the trial court erred in revoking his probation without conducting a final revocation hearing. Appellant did not make an objection to the finding of revocation of probation at the time of the final hearing. It is the duty of the court to "review the entire record, ARS § 13-1715, and to afford appropriate relief if it appears therein that there is fundamental error to the prejudice of the defendant even though the matter was not presented to the trial court." *State v. Hunt,* 91 Ariz. 145, 370 P.2d 640 (1962).

A probationer "is entitled to a preliminary and final revocation hearing."

*Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). In the instant case, at the conclusion of the preliminary hearing, appellant was advised by the court as follows:

"You understand, Mr. White, that at the next hearing you may offer evidence. In other words, this is a specific finding, that you have violated your terms and conditions of probation. Now, whether you should be placed on probation or whether or not you should be sentenced to the Arizona State Prison or some other disposition made will be determined at the next hearing.

"At that hearing you have a right to offer evidence. Anything you want to offer; you understand that? Do you understand the procedure?

"MR. WHITE: Yes, but could I say something?

"THE COURT: Well, why don't you wait until next time. There will be no decision as to the disposition of your case at this time and you will have an opportunity.

"What did you want to say?

"MR. WHITE: Mr. Hodge didn't tell me to report to him on the 26th. He didn't tell me nothing about reporting to him on the 26th or I would have been there on the 26th. I never failed to report for probation because I know what I am under when I am up under him, anyway.

"THE COURT: I don't have a date for the next hearing. It will have to be about two weeks. Will a minute order be satisfactory? It may even be a day or two off.

"I will set the final hearing, that is what we call the sentencing, hearing to determine what the disposition should be on the original charge, whether it is probation or imprisonment or what else. That is what will come up at the next hearing."

At the commencement of the final hearing the court stated:

"THE COURT: This is the time set for the final hearing. There has previously been an order finding that your probation was violated and probation has been revoked and this is the time set for sentencing on the original charge."

■ We find no evidence in the record of a waiver by appellant of the final hearing. *See State v. Gomez,* 112 Ariz. 243, 540 P.2d 1224 (1975). On the contrary, appellant contested at least one of the allegations of the petition and was informed by the court that he would be able to testify at the final hearing. We find that the trial court erred in making a determination to revoke probation without providing for "a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation." *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

The judgment of the trial court is reversed and remanded for proceedings not inconsistent with this opinion.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concurring.