553 P.2d 675

**STATE of Arizona, Appellee,**

v.

**Vince Tyrone BAYLIS, Appellant.**

**No. 1 CA–CR 1352.**

Court of Appeals of Arizona, Division 1, Department B.

Aug. 3, 1976.

Bruce E. Babbitt, Atty. Gen. by Lynn Hamilton, Asst. Atty. Gen., Phoenix, for appellee.

Michael A. Miller, Phoenix, for appellant.

OPINION

WREN, Judge.

The singular issue raised on this appeal from revocation of appellant's probation is whether appellant received a proper hearing establishing a violation of the probation.

In the original action, appellant pled guilty to theft of a motor vehicle, a felony. On July 1, 1974, the trial court suspended the imposition of sentence for three years. On April 14, 1975, a petition to revoke appellant's probation was filed. As a result of the petition, appellant was arrested on May 4, 1975. He was arraigned on May 6, and received a purported "preliminary hearing on revocation of probation" on May 23, at which time he denied that he had violated his probation. No evidence was presented at this hearing to establish the violation. On June 6, a "final revocation hearing" was held. The state presented testimony by appellant's probation officer that appellant had violated the terms of his probation. On the basis of this testimony, the court found that appellant had violated his probation. The court then immediately held a second hearing and revoked appellant's probation sentencing him to not less than two nor more than four years in the Arizona State Prison.

Appellant correctly contends that under *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *State v. Settle*, 20 Ariz.App. 283, 512 P.2d 46 (1973); and Rule 27.7, Arizona Rules of Criminal Procedure (1973), a probationer is entitled to three judicial proceedings before his probation can be revoked. First, upon a probationer's arrest, he is to be taken without unreasonable delay before a judge who shall advise him of his right to counsel,

and inform him that any statement he makes prior to the hearing may be used against him. The judge shall then set the date of the revocation hearing, and make a release determination. Second, a "violation" hearing is required at which time the probationer shall admit or deny the violation. If he does not admit it, the violation must be established by a preponderance of evidence. Third, he is entitled to a disposition hearing, at which he is allowed to present in mitigation and to confront and cross-examine any adverse witnesses. It is at the conclusion of the third hearing that the judge may revoke, modify or continue probation.

In this case, appellant contends that the second or violation hearing was not properly conducted because no competent evidence was presented to establish the violation. The state responds that because the petition to revoke probation was before the trial court at the May 23 hearing, the court had sufficient evidence to establish the violation, and therefore the hearing was properly conducted.

The state's argument, however, is incorrect for three reasons. First, the allegation in the petition to revoke stated:

"There is probable cause to believe the defendant has violated the following terms and conditions of his probation: Term # 1, by failing to appear for arraignment on a Petty Theft charge with a Prior on April 8, 1975; Term # 2, by moving to an unknown address without approval or notification of the Adult Probation Department; Term # 3, by failing to report in person and in writing as directed; Term # 4, by failing to cooperate as directed; Term # 6, by failing to remain employed or enrolled as a student as ordered."

Before probation can be revoked, the state must establish the violation of probation by a *preponderance of evidence*. Ariz. R.Crim.P. 27.7 (c)(3) (1973 Rules).[1] However, the petition to revoke here only

1. This case is governed by the 1973 Rules of Criminal Procedure.

alleged that there was *probable cause* to believe that appellant violated probation. Therefore, even assuming that the petition is competent evidence, it does not provide sufficient evidence to establish a violation by a preponderance of evidence.

■ Second, we do not feel that the petition to revoke in the current case constituted "reliable hearsay" as defined by *State v. Brown*, 23 Ariz.App. 225, 532 P.2d 167 (1975). The petition only stated that the probation officer "is informed and has reason to believe" that the violations existed. There was no indication of the basis for the officer's belief or even that it was based on first hand knowledge. Without some indication of the basis for the information, we cannot say that the petition to revoke was reliable.

In fact, the hearing conducted by the court on June 6 showed that the petition did not contain reliable information. The court found that the state failed to prove that appellant violated terms 1, 4 and 6 as alleged in the petition. Therefore, not only is the petition not reliable on its face, but subsequent testimony showed significant portions of it to be unreliable.

■ Third, the petition to revoke was never offered or received into evidence. The trial court made no findings as to its reliability or admissibility. In fact, no determination was made that the state had established the violation by a preponderance of the evidence. Therefore, we cannot say that the May 23 hearing satisfied the violation hearing requirements set forth by *Gagnon v. Scarpelli*, supra and *State v. Settle*, supra.

■ However, although the May 23 hearing did not establish a violation and therefore did not satisfy the due process requirements of *Gagnon* and *Settle*, we feel that the hearing conducted on June 6 did, and that the errors committed on May 23 were corrected by the later hearing. At the June 6 hearing, the probation officer testified regarding the alleged probation violations and was cross-examined by appellant's counsel. Appellant was given the opportunity to present evidence and to make a statement, but declined to do so. Nor did he request a continuance in order to obtain evidence or claim on appeal that he was prejudiced by the procedure used. On the basis of the probation officer's testimony, the trial court specifically found that appellant had violated his probation.

The trial court then asked both counsel whether there was any legal reason why the proceeding should not go forward. They assured the court that there was none. The court then asked appellant and his counsel whether they had anything to say. Appellant made a brief statement but did not present any evidence. After the statement, the court revoked appellant's probation, and sentenced him to not less than two nor more than four years in the Arizona State Prison.

■ We must decide whether appellant's constitutional right of due process was violated by the failure of the trial court to conduct the two hearings on separate days. Preliminarily, although the 1975 Rules of Criminal Procedure provide that the third or disposition hearing must be held not less than seven days after the second or violation hearing, the 1973 rules (which were in effect at the time of appellant's hearing) contained no such requirement. Both *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and *State v. Settle*, supra, expressly stated that the courts did not wish to create inflexible rules. ("We have no thoughts to create an inflexible structure for parole revocation proceedings." *Morrissey v. Brewer*, supra at 490, 92 S.Ct. at 2604.) ("We set forth these guidelines as suggestions and do not purport to rule them mandatory or absolute." *State v. Settle*, supra, 20 Ariz.App. at 287, 512 P.2d at 50.)

The California courts have ruled that the violation and disposition hearings may be held in close or immediate sequence to each other providing that the due process rights of the defendant are not violated. *People v. Ruster*, 40 Cal.App.3d 865, 115

Cal.Rptr. 572 (1974). In the current case, appellant received two distinct hearings and had the opportunity at both to present evidence and to cross-examine the witnesses. Furthermore, he does not claim that he was prejudiced by the procedure followed, and in fact acquiesced in the proceedings.

Other states have held that a failure to object to the lack of a preliminary hearing in probation revocation proceedings constitutes a waiver of that right. *People v. Hawkins*, 44 Cal.App.3d 958, 119 Cal.Rptr. 54 (1975). ("In as much as the pre-revocation hearing was not objected to at the final hearing on February 1, 1974, the defendant waived the hearing." Id. at 967, 119 Cal.Rptr. at 59); *In re La Croix*, 12 Cal.3d 146, 115 Cal.Rptr. 344, 524 P.2d 816 (1975); *Woods v. State*, 526 P.2d 944 (Okl.Cr.App.1974). Further, our Supreme Court has held that the final revocation can be waived. *State v. Barnett*, 112 Ariz. 212, 540 P.2d 684 (1975); *State v. Gomez*, 112 Ariz. 243, 540 P.2d 1224 (1975). We feel that it is incumbent on appellant's counsel to object to the proceeding at the trial court level in order to preserve the issue for appeal. See *State v. Mendiola*, 23 Ariz.App. 251, 532 P.2d 193 approved 112 Ariz. 165, 540 P.2d 131 (1975).

The appellant has cited *State v. Hughes*, 22 Ariz.App. 19, 522 P.2d 780 (1974), where only one hearing was held and the court set aside the revocation upon the ground that the appellant had not received a second or "final" hearing. In the current case appellant received two distinct hearings. He first had an opportunity to contradict the allegations of his violations of probation. Then after the court made a determination that violations were established, he received a second opportunity to present mitigating evidence.

In *Hughes*, the proceedings were not distinct. Further, in *Hughes*, the *Gagnon* decision had not been circulated at the time of the hearing. Therefore, there was no reason for appellant's counsel to know of the defendant's right to two hearings and

the defendant could not be said to have knowingly waived his right to a second hearing. In the current case, both *Gagnon* and *Settle* had been circulated to the bar and counsel should have been aware of his client's rights to two hearings. We do not feel it places an undue burden on defense counsel to assert his client's rights if he feels they are important. Accordingly, we hold that in the absence of objection by appellant or prejudice shown by appellant, it was not error for the trial court to conduct the two hearings in sequence under the facts of the current case.

This case must also be differentiated from *State v. White*, 112 Ariz. 354, 541 P.2d 1156 (1975), wherein the defendant contested the allegations of the petition to revoke and was told that he would have an opportunity to testify at the final hearing. The judgment revoking probation was reversed when defendant, at the final hearing, was given no opportunity to testify and there was no final evaluation of any contested facts or determination by the court that the circumstances warranted revocation. In the current case, appellant was given the opportunity to testify and did not claim that he wished to contest the basis of the revocation or present any additional evidence.

■ Although the June 6 hearing complied with the requirements of *Gagnon* and *Settle*, it was held more than 20 days after the initial arraignment. This is a violation of Rule 27.7(a) (1973 Rules). However, in the absence of prejudice, failure to comply with the provisions of this rule does not require reversal of the trial court's decision to revoke, especially where, as here, the trial court specifically provided that the sentence imposed was to commence from the date of arrest. *State v. Belcher*, 111 Ariz. 580, 535 P.2d 1297 (1975); *State v. Chambers*, 23 Ariz.App. 530, 534 P.2d 461 (1975); see, *Carrion v. State*, 113 Ariz. 303, 552 P.2d 1197 (1976).

Judgment and sentence are affirmed.

JACOBSON, P. J., and SCHROEDER, J., concur.