829 P.2d 349

171 Ariz. 159

**STATE of Arizona, Appellee,**

v.

**Derick Joseph MARTIN, Appellant.**

**No. 1 CA–CR 90–1803.**

Court of Appeals of Arizona, Division 1, Department D.

March 31, 1992.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Div., and Diana P. Stabler, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by James R. Rummage and Carol A. Carrigan, Deputy Public Defenders, Phoenix, for appellant.

## OPINION

GERBER, Judge.

Derick Joseph Martin (defendant) appeals from the revocation of his probation and from the sentence imposed.

Martin pled guilty to attempted molestation of a child, a dangerous crime against children in the second degree. He was placed on lifetime probation. The state filed a petition to revoke probation alleging violations of terms 1, 4 and 20 of the conditions of Martin's probation.[1] A mental examination was performed pursuant to Rule 11 of the Arizona Rules of Criminal Procedure. Martin was found competent.

■ At a revocation hearing, Martin denied the alleged violations. At the violation hearing, Martin and his probation officer, Sandra Lewis–George (Lewis–George) testified. Later, at a disposition hearing, the trial court found Martin in violation of terms 1 and 20, and dismissed term 4. The trial court revoked his probation without specifying each violation separately and sentenced him to the mitigated term of 8 years. The trial court identified Martin's diminished mental capacity as a mitigating factor. On appeal, defendant contends that the trial court erred by finding him in violation of term 20 of his probation. Term 20 reads as follows:

Have no contact with children under the age of eighteen years without specific written permission of the supervising probation officer.

To revoke probation, the state must establish the probation violation by a prepon-

derance of the evidence. Ariz.R.Crim.P.R. 27.7.b(3); *State v. Baylis*, 27 Ariz.App. 222, 223, 553 P.2d 675, 676 (1976). At this violation hearing, Lewis–George testified that Martin related that his brother, girlfriend and two children under the age of 18 came over to his foster home for Sunday dinner. She admitted that Martin's foster mother was present at all times and that Martin was never alone with the children. Martin testified that he was in and out of the house doing domestic chores for his mother on that Sunday night. He stated that he could have gone to his room but chose not to. He stated that there was always an adult present when he was in a room with the children. This testimony is uncontradicted. There is no evidence of any physical or even verbal contact by Martin with these children nor of any setting conducive to improper behavior.

■ We find this evidence insufficient to support a violation of term 20 as phrased in the probation document. In this context, the word "contact" is so vague as to fail to provide Martin with notice about what kind of group association is prohibited. While the term understandably intends to prohibit potential sexual contact with minors, the language is so broad as to also prohibit Martin from merely being present with minors in conventional places such as schools, shopping malls, churches, sporting events, or social events. More qualified language is needed regarding "contact" to avoid penalizing such innocent physical presence with other human beings. Accordingly, we set aside the finding of violation regarding term 20.

■ When a probation violation finding is set aside on appeal, the case must be remanded to the trial court for a new disposition hearing when it is unclear that the

---

**1.** Term 1: The defendant did, on or about March 30, 1990, commit the crime of Aggravated Robbery. This term was later amended to attempted robbery.

Term 4: The defendant failed to remain employed and/or actively enrolled as a student or

to notify the P.O. [probation officer] of any changes in status as ordered by the Court.

Term 20: The defendant did on or about, March 18, 1990, have contact with children under the age of 18 years old, without permission of his probation officer.

trial court would have made the same disposition without the improper finding. *State v. Ojeda,* 159 Ariz. 560, 769 P.2d 1006 (1989); *State v. Jones,* 163 Ariz. 498, 499, 788 P.2d 1249, 1250 (App.1990). At the disposition hearing, the trial court appears to have relied upon the term 20 violation as a major but not exclusive factor in sentencing. From the record we cannot determine what the disposition would be without the term 20 violation, and accordingly we must remand the case for a new disposition hearing.

TAYLOR, P.J., and EHRLICH, J., concur.