996 P.2d 122

**STATE of Arizona, Appellee,**

v.

**Timothy MAGGIO, Appellant.**

**No. 1 CA–CR 99–0406.**

Court of Appeals of Arizona, Division 1, Department E.

Feb. 17, 2000.

Janet Napolitano, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section and John L. Saccoman, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Cameron A. Morgan, Scottsdale, Attorney for Appellant.

## OPINION

KLEINSCHMIDT, Judge.*

¶1 The Defendant, Timothy Maggio, was on lifetime probation following his conviction for sexual conduct with a minor. The trial court found him in violation of the terms of his probation forbidding him from having contact with or residing with children. It ordered him to serve thirty days in the county jail and placed him on lifetime intensive probation. The Defendant appeals on the grounds that the provisions forbidding such contact and residence are too vague to be enforceable and that, in any event, he did not have any contact with or reside with a minor. We affirm.

¶2 The Defendant's version of the facts is as follows. In February, 1999, the Defendant was released from jail and moved in with his girlfriend, who was renting a room in a house owned by a person named Sam Williams. Williams and another adult male lived at the house. In the early morning hours of March 12, 1999, the Defendant and his girlfriend came home to find two children sleeping on the floor of the living room. The Defendant later learned that the children were the daughters of a house cleaning woman hired by Williams and were there with Williams' permission. The Defendant knew that he was not to reside with children but he had no driver's license and no money to rent a hotel room, so instead of leaving the house, he went into his bedroom with his girlfriend

and went to sleep without talking to the children or having anything to do with them. When he arose in the morning, the children were gone. The same thing happened again the next night. The Defendant was not able to discuss the matter with Williams because Williams was not at the house at the time. The following week, the Defendant notified his probation officer that the children were again at the house and said that he was trying to find another place to stay.

¶3 The State adds some facts. A surveillance officer said that she went to the Defendant's residence on March 16, 1999, and found three minor females who had been living there for the preceding four days. She notified the Defendant's probation officer of the circumstances, and it was not until after this that the Defendant contacted his probation officer.

¶4 The two pertinent terms of probation are:

Do not initiate, establish or maintain contact with any male or female child under the age of 18, or attempt to do so, without the prior written approval of the probation officer. Sign and abide by the probation department definition of "no contact."

Notwithstanding any court order to the contrary, you shall not reside with any child under the age of 18 or contact your children in any manner, without the prior written approval of [the] probation officer.

¶5 At the time he was placed on probation, the Defendant received and acknowledged the following definition and instructions relating to these terms of his probation.

DEFINITION OF TERMS REGARDING CONTACT WITH MINORS

A minor or child is defined as anyone under [the age of] 18 years old. Any form of proximity contact is prohibited. Contact can mean several things:

(1) Actual physical touching.

(2) Association or relationship; taking any action which furthers a relationship with

---

* The Honorable Thomas C. Kleinschmidt, Retired, is authorized to participate in this appeal by the Chief Justice of the Arizona Supreme Court pur-

suant to Ariz. Const. art. VI, § 20 and Administrative Order No.2000–15.

[a] minor such as writing letters, sending messages, buying presents, etc.

(3) Communication in any form is contact. This includes verbal communication such as talking, and/or written communication such as letters, etc. This also includes non-verbal communication such as body language (waving, gesturing) and facial expressions, such as winking.

**In Public: Minor not known:**

If you are in a public place such as a shopping mall, a grocery store, church, movies, park, arcade, etc., and you encounter a child whom you do not know, just do not initiate contact. Do not pay attention to the child; do not look at the child; do not talk to the child; no communication at all, verbal or non-verbal.

All efforts should be made to minimize such contact with minors whom you don't know by timing visits to public places when minors are least likely to be present. Example: Do not go to Saturday afternoon matinee movies where children are most likely to be present. If a minor is still encountered, do not initiate any communication, verbal or non-verbal.

If a minor initiates communication, tell them you cannot help them, politely refer them to somebody else and immediately move away from the area. If the minor persists in trying to communicate, the offender needs to leave the public place.

**In Public: Minor is known**

If you are in a public place and you encounter a minor whom you know, first[,] all efforts should be made to make sure that the child does not see you. Then you need to leave the public place immediately. It is **NOT** appropriate to put the responsibility on the minor to avoid communication. If the victim is encountered, leave immediately; then contact your probation officer or surveillance officer immediately.

**Non–Public: Minor known and/or not known:**

If you are in a private area such as your house, a friend's house, club, etc., and a child is present, whether you know the [child]. or not, you must leave immediately. If you are in a private area and a child comes in, you must leave immediately.

¶ 6 The Defendant, relying on our opinion in *State v. Martin,* 171 Ariz. 159, 829 P.2d 349 (App.1992), argues that in the context of this case the condition of probation that he not have contact with minors is so vague as to be unenforceable. In *Martin,* the only relevant instruction to the probationer was that he have no contact with children under the age of 18 without the written permission of his probation officer. The probationer lived in a foster home, and his brother, his brother's girlfriend, and two minor children came for a visit. The probationer's foster mother was at the home throughout the visit and the probationer was never alone with the children. There was no evidence that he ever talked to them. We held that the term "contact" was too vague to give notice of the kind of group association that was prohibited. We said:

> While the term understandably intends to prohibit potential sexual contact with minors, the language is so broad as to also prohibit Martin from merely being present with minors in conventional places such as schools, shopping malls, churches, sporting events, or social events.

*Id.* at 160, 829 P.2d at 350.

¶ 7 *Martin* does not mandate a reversal in the case now before us. The specific instructions to the Defendant in this case explained how he should or should not behave in public places. Even more to the point, as the trial judge observed and the Defendant acknowledged, the Defendant was expressly advised that if children came to his house he was to leave immediately. There was nothing vague about this instruction.

¶ 8 The Defendant next argues that the children did not reside in his house. He points out that the term "reside" is subject to interpretation and that the evidence suggests that the children's stay was intended to be a short one. This argument fails for two reasons. First, as we have already observed, the Defendant had been instructed that if children came to his house he had to leave. Second, the three children and the Defendant were staying under the same roof, creating the very situation that the condition of probation was obviously designed to prevent.

¶ 9   The order of the trial court revoking probation and the disposition is affirmed.

CONCURRING: PHILIP E. TOCI, Presiding Judge, and RUDOLPH J. GERBER, Judge.