689 P.2d 555
**STATE of Arizona, Appellee,**

v.

**William Robert ROBINSON, Appellant.**

**No. 1 CA–CR 6703.**

Court of Appeals of Arizona,
Department C.

June 28, 1984.

Reconsideration Denied Aug. 20, 1984.

Review Denied Oct. 23, 1984.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Division, Georgia B. Ellexson, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by H. Allen Gerhardt and Art Hazelton, Deputy Public Defenders, Phoenix, for appellant.

OPINION

CONTRERAS, Presiding Judge.

This is an appeal from the trial court's order revoking appellant's probation and imposing a five year sentence of imprisonment. Counsel for appellant has filed an appeal in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *State v. Powell*, 5 Ariz.App. 51, 423 P.2d 127 (1967), and requests this court to search the record for fundamental error pursuant to A.R.S. § 13–4035. After the filing of counsel's brief, this court entered an order granting appellant an additional period of time within which to file his own supplemental brief raising any additional points he might choose to bring to this court's attention. Appellant has timely filed a supplemental brief and the state has filed an answering brief.

On October 17, 1980, appellant was adjudged guilty of the crime of negligent homicide, a class four felony, in violation of A.R.S. §§ 13–1102, 1101, 701, 702, 801, 28–444 and 28–445. The trial court ordered that imposition of sentence be suspended for a period of four years and that appellant be placed under the supervision of the Adult Probation Department.

A petition to revoke probation was filed two years later, alleging that appellant had violated terms number 1, 2, 14 and 15 of his probation by:

Term #1: The defendant committed the crime of Shoplifting, a misdemeanor, on or about August 1, 1982.

Term #2: The defendant failed to report to the probation officer on August 9

and 25, 1982 as directed by the probation officer. Last date reported was August 3, 1982.

Term #14: The defendant has failed to pay restitution through the Clerk of the Superior Court of Maricopa County in regular monthly payments of $162.38 each month as ordered by the court.

Term #15: The defendant has failed to pay a fine to the Clerk of the Superior Court of Maricopa County in regular monthly payments of $25.00 each month as ordered by the court.

A revocation arraignment was held on November 15, 1982. At that time appellant admitted violating terms number 14 and 15 of his probation. The allegations of violations of terms 1 and 2 were withdrawn by the state. Prior to accepting appellant's admissions, the trial court personally addressed him and determined that the admissions were knowingly, intelligently and voluntarily entered and that there was a factual basis for the admissions.

On November 23, 1982, a disposition hearing was held wherein the trial court entered its judgment that appellant had violated the terms and conditions of his probation. The court ordered that appellant's probation be revoked and that he be committed to the Department of Corrections to be imprisoned for the maximum term of five years, with credit for 201 days of presentence incarceration. Sentence was to commence on that date.

Since the allegations that appellant had violated terms 1 and 2 of his probation were withdrawn, the sole basis for revoking probation in this case was appellant's failure to complete payments of a fine and restitution. In *Bearden v. Georgia,* 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), the United States Supreme Court held that when the sole basis for revoking probation is the failure to pay a fine or restitution, the sentencing court may only sentence the probationer to prison in very limited circumstances. The court held:

> that in revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternate measures of punishment other than imprisonment. Only if alternate measures are not adequate to meet the State's interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay. To do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment (footnote omitted).

461 U.S. at 672–673, 103 S.Ct. at 2072–2073, 76 L.Ed.2d at 233.

In the instant case, the court made no inquiry whatsoever into the reasons for appellant's failure to complete his payments of the fine and restitution. In fact, at the disposition hearing, appellant's counsel stated "Mr. Robinson never related to me that he was unwilling to pay his restitution, only that he was unable to." It appears appellant may have made a bona fide effort to pay the fine and restitution since the record discloses that payments approximating $1500 had been made at the time the petition to revoke probation was filed. In addition, the probation officer testified that appellant told him that "he wanted to reject probation and be sentenced because he felt he couldn't make that amount of restitution."

In view of the United States Supreme Court's holding in *Bearden v. Georgia, supra,* we conclude that the trial court's order, revoking appellant's probation solely on the grounds that he failed to complete payments on the fine and restitution, without regard to his ability to pay,

amounts to a deprivation of appellant's conditional freedom in violation of the fundamental fairness required by the Fourteenth Amendment. Accordingly, the order revoking appellant's probation and sentencing him to five years imprisonment is reversed.[1] This matter is hereby remanded to the trial court for proceedings consistent with this decision.

KLEINSCHMIDT and HAIRE, JJ., concur.

---

1. We note that in sentencing appellant to the aggravated term of five years imprisonment, the court erroneously considered certain factors as aggravating circumstances. In particular, the court noted that appellant had been arrested on a charge of aggravated robbery in 1975. Since that charge was ultimately dismissed, the court may not consider it by itself as an aggravating factor for the purpose of increasing punishment on the unrelated negligent homicide conviction. *See State v. Lee,* 114 Ariz. 101, 559 P.2d 657 (1976). The court also pointed out that appellant had no valid Arizona driver's license at the time of the incident which resulted in the negligent homicide charges. While the record supports the truth of that finding, it also shows that appellant did have a Texas driver's license and he had only been in Arizona a short time before the incident took place. It is unclear from the record whether the court considered this information at the time of sentencing.