764 P.2d 350

The STATE of Arizona, Appellee,

v.

Robert Barajas OJEDA, Appellant.

No. 2 CA–CR 88–0014.

Court of Appeals of Arizona,
Division 2, Department A.

Aug. 2, 1988.

Review Granted Dec. 13, 1988.*

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Jack Roberts, Phoenix, for appellee.

Harold L. Higgins, Pima County Public Defender by Susan A. Kettlewell, Tucson, for appellant.

OPINION

HATHAWAY, Judge.

Appellant was convicted in 1985 of unlawful possession of a narcotic drug, a class 4 felony, and placed on three years' probation. On November 17, 1987, the state filed a petition to revoke, alleging that appellant had violated the conditions of his probation by 1) failing to pay his fine, 2) failing to pay probation fees, 3) failing to report to his probation officer on five specified dates, 4) failing to avoid contact with marijuana on specified dates, 5) failing to avoid contact with cocaine on specified dates, and 6) possessing live ammunition. At the evidentiary hearing, the state agreed to dismiss the last three allegations in return for appellant's admission of the first three allegations.

At the evidentiary hearing, appellant was asked by the trial court if he had had the ability to pay the fine, to which appellant replied "Well, if I may, you know, things been kind of hard lately so I haven't been able to come up with it." Appellant stated, however, that "when things weren't hard" he had made his payments. The court then directed the state to present its evidence on the first three allegations. Appellant's probation officer testified that appellant had paid $140 of the $255 total fine, and $470 of $580 total probation fees. In response to counsel's question as to appellant's reason for non-payment, the probation officer stated that he did not know why the payments were not made but that appellant had informed him that "business was down." He further testified that appellant had without explanation failed to report on five occasions during a one-year period.

The court found that the state had proved the first three allegations by a preponderance of the evidence. Appellant's probation was revoked, and he was sentenced to a mitigated term of two years' imprisonment with three days' credit for presentence incarceration.

On appeal, appellant contends that the trial court erred in revoking his probation on the basis of his failure to pay the fines

---

* Holohan, J., of the Supreme Court, did not participate in the determination of this matter.

and probation fees in light of the state's failure to establish that he had the ability to pay, citing *Bearden v. Georgia,* 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), and *State v. Robinson,* 142 Ariz. 296, 689 P.2d 555 (App.1984). While the trial court's inference that appellant spent available funds on drugs rather than his court-ordered assessments may be correct, it is not supported by the record.

The trial court also found, however, that appellant had failed to report to his probation officer on five occasions, and this finding is substantiated, indeed admitted, by appellant. In *State v. Wilson,* 150 Ariz. 602, 724 P.2d 1271 (App.1986), Division One of this court affirmed a revocation order which was based on the trial court's findings of failure to report and failure to pay assessments. Notwithstanding the invalidity under *Bearden* of the findings with respect to payments, the court affirmed the revocation on the substantiated finding of failure to report. *See also State v. Jameson,* 112 Ariz. 315, 541 P.2d 912 (1975). Because the finding of the trial court in this case with respect to the failure to report is supported, we affirm the order of revocation.

Appellant's argument that we cannot know whether the trial court would have revoked his probation exclusively for his failure to report to his probation officer as ordered on five occasions is particularly unpersuasive in view of the court's statement that, "[h]is obligation is to make those meetings, otherwise he can go to prison and doesn't have to make it anymore."

Probation, as a matter of grace, allows a convict to serve his sentence outside the prison walls upon compliance with specified conditions. Where several violations are charged, any one alone may serve as a valid basis to revoke probation. *State v. Gomez,* 112 Ariz. 243, 540 P.2d 1224 (1975). In *Gomez,* the supreme court analogized the situation to submitting lesser-included counts to the fact finder; whether one or several are found, only one penalty is imposed.

Appellant also contends that the trial court failed to give him appropriate credit for presentence incarceration. Three days' credit was given, whereas the presentence report indicates that appellant was originally sentenced to serve 14 days in jail as a condition of his probation. The states concedes that the record is unclear on this point and that a remand is necessary to determine the appropriate credit.

The order revoking probation and the sentence are affirmed; the matter is remanded for a determination of credit for presentence incarceration.

HOWARD, J., concurs.

LIVERMORE, Presiding Judge, dissenting.

After the probation officer stated that defendant told him that he hadn't been able to pay all of his fine and probation fees because "business was down," the following exchange occurred:

THE COURT: It's fair to say you were going to let him work out some arrangement towards paying the fines and fees as long as he otherwise had a good probation background; isn't it true?

THE WITNESS: That's true.

THE COURT: So that really what happened is when you discovered that he was using marijuana and cocaine, that you felt that he was no longer acting in good faith?

THE WITNESS: Yes, sir. I didn't file a petition just because of the fines and fees.

DEFENSE COUNSEL: I just wanted to see—there's been no evidence on any of the other allegations; that, in fact, the prosecution agreed to dismiss them.

THE COURT: Well, they were going to dismiss them. I just need them to prove it.

What I'm trying to do is explain to you and the defendant why he's here. He's here because he's not paying his fines and he may or may not be able to pay those fines.

But since he's taken it upon himself to, in addition, not be able to pay his fines,

that he's got to support his family or whatever, he also takes it upon himself to use drugs. We're not going to prove that but, you know, unless he's got a lot of friends who give it to him, he must be using that money to buy it.

DEFENSE COUNSEL: I don't think that's ... I just would like to object to that. Since we're not going to prove that, I don't see how that should be appropriately admitted and certainly not in evidence.

THE COURT: Anything else?

DEFENSE COUNSEL: No, nothing else at this time, Your Honor.

PROSECUTOR: I have nothing. State rests.

THE COURT: Anything?

DEFENSE COUNSEL: No statements at this time.

THE COURT: It's the judgment of the Court that there's sufficient evidence to establish you violated your conditions of probation, one, two and three, and the State's met the burden by a preponderance of the evidence.

As the majority concedes, the state did not establish that defendant was able to pay. More fundamentally, in my view, it established that probation was revoked for possession of drugs, an offense that was neither charged nor proved, save in the insinuations of the supposedly neutral fact-finder. It does not comport with due process, to put it mildly, to allow such a result to stand.

The majority relies on *State v. Jameson,* 112 Ariz. 315, 541 P.2d 912 (1975), and *State v. Wilson,* 150 Ariz. 602, 724 P.2d 1271 (App.1986), for the proposition that so long as one violation is proven the orders of revocation and disposition may stand even if premised in part on findings of violations that are improper. For three reasons I find those cases unpersuasive. First, both involved far more substantial violations—possession of a stolen vehicle in *Jameson* and absconding for a period of a year before being arrested in *Wilson.* Second, neither involved reliance on uncharged acts. Finally, neither case addressed the line of authority in the sentencing context,

holding that where a trial court has relied on inappropriate factors and where it is impossible to determine what disposition would have been made if only proper factors were considered, the case must be remanded for resentencing. *See State v. Thurlow,* 148 Ariz. 16, 712 P.2d 929 (1986); *State v. Just,* 138 Ariz. 534, 675 P.2d 1353 (App.1983); *see also State v. Gillies,* 135 Ariz. 500, 662 P.2d 1007 (1983). The discretion given a trial court under Rule 27.-7(c)(2), Ariz.R.Crim.P., 17 A.R.S., to continue or modify probation instead of revoking it after finding a probation violation, is indistinguishable from the discretion given the trial judge in sentencing. It ought no more be immunized from review than sentencing itself; nor ought reliance on improper factors be excused there when not excused elsewhere.

I would remand for a new disposition hearing.