769 P.2d 1006
**STATE of Arizona, Appellee,**

v.

**Robert Barajas OJEDA, Appellant.**

**No. CR–88–0336–PR.**

Supreme Court of Arizona,
En Banc.

Jan. 10, 1989.

Robert K. Corbin, Atty. Gen., Phoenix by William J. Schafer III, Jack Roberts, Bruce M. Ferg, Eric J. Olsson, Asst. Attys. Gen., Tucson, for appellee.

Harold L. Higgins, Jr., Pima County Public Defender by Susan A. Kettlewell, Asst. Pima County Public Defender, Tucson, for appellant.

MOELLER, Justice.

### JURISDICTION

Robert Barajas Ojeda (defendant) petitioned this court to review the court of appeals' opinion affirming his probation revocation and resulting sentence. We granted his petition and have jurisdiction pursuant to article 6 § 5(3) of the Arizona Constitution and Ariz.R.Crim.P. 31.19, 17 A.R.S.

### BACKGROUND

In 1985, defendant was convicted of possessing a narcotic drug, a class four felony. He was placed on three years probation. On November 17, 1987, the state petitioned to revoke his probation, alleging the following violations: (1) failure to pay his fine; (2) failure to pay probation fees; (3) failure to report to his probation officer on five occasions; (4) failure to avoid marijuana; (5) failure to avoid cocaine; and (6) possessing live ammunition.

At the violation hearing, counsel advised the court that the defendant would enter admissions to allegations 1, 2, and 3, and the state would dismiss allegations 4, 5, and 6. Based on defendant's admissions and a brief evidentiary hearing, the court found the defendant in violation of his probation under allegations 1, 2, and 3. At the disposition hearing, the trial court revoked defendant's probation and sentenced him to two years imprisonment. Defendant appealed to the court of appeals.

The court of appeals, 158 Ariz. 589, 764 P.2d 350, held that the trial court erred in revoking defendant's probation on the ba-

sis of his failure to pay the fines and probation fees because there was no showing in the evidence or in defendant's admissions that defendant had the ability to pay the fines and fees. *See Beardon v. Georgia,* 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); *State v. Robinson,* 142 Ariz. 296, 689 P.2d 555 (App.1984). The court of appeals, however, affirmed the probation revocation and the sentence because, of the six original allegations, one remained intact—failure to report to defendant's probation officer on five occasions.

## QUESTION PRESENTED

Whether an order of probation revocation and the resulting sentence should be vacated and the case remanded to the trial court for a new disposition hearing when one or more of the alleged probation violations is set aside on appeal.

## DISCUSSION

Under current Arizona case law, if one or more bases for revoking probation is set aside on appeal, it is not necessary to remand for a new disposition hearing so long as at least one finding of probation violation is sustained by the appellate court. *State v. Valenzuela,* 116 Ariz. 61, 63, 567 P.2d 1190, 1192 (1977); *State v. Espinoza,* 113 Ariz. 360, 362, 555 P.2d 318, 320 (1976); *State v. Jameson,* 112 Ariz. 315, 317, 541 P.2d 912, 914 (1975); *State v. Gomez,* 112 Ariz. 243, 245, 540 P.2d 1224, 1226 (1975). The stated rationale for this rule is that any one probation violation *could* justify a judge's decision to revoke probation and impose a particular sentence. This rule has been applied without regard to whether the trial court *would* have revoked probation or given a particular sentence on the remaining violation or violations.

Certainly any single probation violation can arguably justify revocation. However, the power to revoke probation for a given violation is not at issue in this case. What is at issue is the propriety of a rule that prevents the trial court from deciding whether it would have disposed of the probation violation differently had it been presented with only the legitimate probation violations.[1]

The rule established by our earlier cases, although supportable in a purely technical sense, ignores the realities of the probation process. If some of the alleged violations do not hold up on appeal and the revocation is affirmed without remand, a significant chance exists that a defendant's probation may be revoked for a violation that, by itself, would not have caused the probation officer to petition for revocation or the judge to revoke. Even in cases where revocation remains appropriate under the remaining violations, the length of sentence may well be influenced by the nature of the allegations leading to revocation.

Often the impetus for a petition to revoke is one serious allegation, such as committing a new crime. When the petition is filed, however, the probation officer will frequently include in the petition every other alleged probation violation, including those commonly referred to as "technical" violations. If the most serious allegation falls out, which happens with some regularity because those allegations are frequently the most difficult to prove, one may be left with a violation or violations that the probation officer would not even have chosen to present separately. If presented, the court might have concluded that revocation was not warranted or, if warranted, that a different sentence might be appropriate.

In his dissent below, Judge Livermore aptly draws an analogy to the sentencing context. In the sentencing context, if the judge relies on inappropriate factors and it is unclear whether the judge would have imposed the same sentence absent the inappropriate factors, the case must be remanded for resentencing. *State v. Thurlow,* 148 Ariz. 16, 20, 712 P.2d 929, 933 (1986); *State v. Just,* 138 Ariz. 534, 551,

---

1. Rule 27.7 of the Arizona Rules of Criminal Procedure gives the trial judge wide discretion in disposing of probation violations. Rule 27.7(c)(2) provides in part:

Upon a determination that a violation of a condition or regulation of probation occurred, the court may revoke, modify or continue probation.

675 P.2d 1353, 1370 (App.1983). Judge Livermore argues persuasively that reliance on improper factors in probation revocation proceedings should lead to the same result. We agree. We should affirm without remand only where the record clearly shows the trial court would have reached the same result even without consideration of the improper factors. From the record before us, we are unable to determine whether the same result would have obtained but for the consideration of the findings which have now been set aside.

### CONCLUSION AND DISPOSITION

We conclude that when one or more, but not all, of the findings of probation violation are set aside on appeal, the order of revocation and the sentence should be set aside and the case remanded to the trial court for a new disposition hearing unless the record clearly shows the trial judge would have made the same disposition even without consideration of the violations set aside on appeal. To the extent the *Valenzuela, Espinoza, Jameson,* and *Gomez* cases are contrary to this principle, they are disapproved. The opinion of the court of appeals is vacated. The order of revocation and sentence are set aside. This case is remanded to the trial court for a new disposition hearing based on the one violation which has been affirmed.

GORDON, C.J., FELDMAN, V.C.J., CAMERON, J., and HOLOHAN, J. (Retired), concur.