769 P.2d 1008

**STATE of Arizona, Appellee,**

v.

**Kevin Lamar DAVIS, Appellant.**

**No. CR–87–0262–PR.**

Supreme Court of Arizona,
En Banc.

Jan. 10, 1989.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

Frederic J. Dardis, Former Pima County Public Defender by Wayne E. Yehling, Deputy Public Defender, Tucson, for appellant.

MOELLER, Justice.

## JURISDICTION

Kevin Lamar Davis (defendant) petitioned this court to review the court of appeals' memorandum decision affirming his probation revocation and resulting sentence. We granted his petition and have jurisdiction pursuant to article 6, § 5(3) of the Arizona Constitution and Ariz.R. Crim.P. 31.19, 17 A.R.S.

## BACKGROUND

Defendant pled guilty on October 26, 1984, to attempted fleeing from a law-enforcement officer, a class six open-end offense. On November 30, 1984, he was placed on three years probation. On October 7, 1986, the state petitioned to revoke defendant's probation, alleging seven violations:

(1) failure to pay restitution;

(2) failure to pay attorney's fees;

(3) failure to pay probation fees;

(4) failure to keep an appointment with his probation officer;

(5) failure to avoid alcohol;

(6) failure to maintain employment or remain in school and keep probation officer informed; and

(7) failure to participate in a counseling program.

At the violation hearing, the state dismissed that part of allegation six relating to keeping the probation officer informed. The court found the remaining allegations to be true. On December 1, 1986, the court revoked defendant's probation and sentenced him to the presumptive term of one-and-one-half years in prison.

Defendant appealed to the court of appeals. He contended that the three findings relating to payment were invalid because the trial court failed to inquire into the reasons for his failure to make the payments as required by *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983) and *State v. Robinson*, 142 Ariz. 296, 689 P.2d 555 (App.1984). The court of appeals held that, even if the findings concerning payments were invalid,

there still remained four valid violations, any of which could support the revocation and sentence. On this rationale, the court of appeals affirmed the revocation and sentence with certain modifications that are immaterial here. We granted defendant's petition for review.

## QUESTIONS PRESENTED

Defendant presents the issue of whether an order of probation revocation and the resulting sentence should be affirmed on appeal whenever one or more but less than all of the violations are sustained on appeal. Because the court of appeals never determined the validity of the three challenged violations because it affirmed on the basis that there were other sustainable violations, we must first determine if the challenged violations are invalid.

## DISCUSSION

■ Defendant contends that the sentencing judge improperly found three violations relating to payment of restitution, attorney's fees, and probation fees. The basis of his argument is that United States Supreme Court and Arizona case law require the sentencing judge to inquire into the reasons for defendant's failure to pay. *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); *State v. Robinson*, 142 Ariz. 296, 689 P.2d 555 (App.1984). Probation cannot be revoked solely on grounds of non-payment without regard to ability to pay. *Id.* The record shows that no *Bearden–Robinson* inquiries or findings were made in this case; therefore, the trial judge could not use the failure to make the payments as a basis for revoking defendant's probation.

■ We decided today in *State v. Ojeda*, 159 Ariz. 560, 769 P.2d 1006 (1989), that where some of the alleged probation violations are set aside on appeal the case should be remanded to the trial court for a new disposition hearing unless the record clearly shows the sentencing court would have revoked probation and imposed the same sentence without the improper findings. *State v. Ojeda*, 159 Ariz. 560, 769

P.2d 1006 (1989). From the record before us, we are unable to determine whether the result would have been different if the trial court had known that the violations relating to payment could not be used as bases for revocation. Accordingly, under our decision in *Ojeda,* we must remand for a new disposition hearing.

### DISPOSITION

The order of probation revocation and sentence are set aside. The memorandum decision of the court of appeals is vacated except for those portions ordering modifications of attorney's fees and restitution. This case is remanded to the trial court for a new disposition hearing based on the four valid findings of violations.

GORDON, C.J., FELDMAN, V.C.J., CAMERON, J., and HOLOHAN, J. (Retired), concur.