NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

LEON ROBERT TAYLOR, *Petitioner*.

No. 1 CA-CR 20-0388 PRPC
FILED 3-17-2022

Petition for Review from the Superior Court in Yavapai County
No.  P1300CR201700955
P1300CR201800467
The Honorable John David Napper, Judge

**REVIEW GRANTED; RELIEF GRANTED IN PART**

COUNSEL

Yavapai County Attorney's Office, Prescott
By Sheila Sullivan Polk
*Counsel for Respondent*

Leon Robert Taylor, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

---

Presiding Judge Paul J. McMurdie, Judge Cynthia J. Bailey and Judge Lawrence F. Winthrop[1] delivered the decision of the Court.

---

**PER CURIAM**:

¶1      Petitioner Leon Robert Taylor petitions this court for review from the dismissal of his petition for post-conviction relief. A Rule 32 petitioner is entitled to an evidentiary hearing if he presents a colorable claim. *State v. D'Ambrosio*, 156 Ariz. 71, 73 (1988). A colorable claim is one that, if the allegations are true, "would probably have changed the verdict or sentence." *State v. Amaral*, 239 Ariz. 217, 220, ¶ 11 (2016). Because the superior court improperly considered a prior felony conviction as an aggravator at sentencing, we grant relief in part.

## FACTS AND PROCEDURAL HISTORY

¶2      A grand jury indicted Taylor for multiple felonies, including involving or using minors in drug offenses. While on felony release, a grand jury returned a second indictment against Taylor, this time for fraudulent schemes and artifices, possession of drug paraphernalia, and burglary in the third degree. The State offered Taylor the opportunity to participate in a "free talk." In exchange for immunity, Taylor agreed to speak to police about other investigations he was involved in. During the free talk, Taylor was "candid," telling a detective where she could find methamphetamine hidden in his car and about a retail scheme where he would replace the UPC codes of more expensive items with less expensive ones.

---

[1] Judge Lawrence F. Winthrop was a sitting member of this court when the matter was assigned to this panel of the court. He retired effective June 30, 2021. In accordance with the authority granted by Article 6, Section 3, of the Arizona Constitution and pursuant to Arizona Revised Statutes ("A.R.S.") section 12-145, the Chief Justice of the Arizona Supreme Court has designated Judge Winthrop as a judge *pro tempore* in the Court of Appeals, Division One, for the purpose of participating in the resolution of cases assigned to this panel during his term in office.

¶3        After the free talk, the State offered Taylor a plea to involving or using minors in drug offenses, a class two felony, (Count 1) from the first indictment; fraudulent schemes and artifices, a class two felony, (Count 1) from the second indictment; burglary in the third degree, a class four felony, (Count 3) transfer of dangerous drugs, a class two felony, (Count 4) and fraudulent schemes and artifices, a class two felony, (Count 5) based on the information Taylor provided in the free talk. The plea stipulated a prison term of no less than twelve years. Count 1 from the first indictment and Count 4 were flat term sentences. Taylor also admitted to six prior felony convictions, the latest conviction being April 24, 2006.

¶4        The parties held a settlement conference to discuss the plea. At the hearing, the prosecutor stated multiple times that she had sought a lower "floor" of ten years imprisonment but was turned down by her supervisor. To receive a lower floor, defense counsel would have to present additional mitigation to the prosecutor's supervisor. Regardless of the final plea terms, the prosecutor promised not to recommend over twelve years at sentencing. The Court asked the prosecutor if she would recommend ten years as an appropriate sentence if the plea contained a lower floor. The prosecutor responded:

> Yes. Probably. I can't say, again, recommending 8. But one thing that is kind of -- I say this in every single case. I don't ever commit to a recommendation until a presentence report comes back because I want to make sure the defendant doesn't say I just pled guilty because my attorney told me to. I want to see them owning up. Mr. Taylor has done that in a free talk. Given, if he accepts responsibility, shows genuine remorse, I would probably be inclined to recommend the floor.

The court opined that Taylor was unlikely to get a plea below ten years. However, the court promised that absent "something extraordinary," he would not impose a sentence higher than the State's recommendation.

¶5        After the settlement conference, Taylor's counsel obtained a plea of no less than ten years. At the change of plea, the prosecutor stated she would recommend a sentence of no less than twelve years. Defense counsel challenged the prosecutor about her promise to "embrace the floor" of the plea. The prosecutor said she could not have committed to a ten-year sentence because it was not possible at the time of the settlement

conference. The prosecutor remembered saying that if Taylor showed remorse, "there's a chance that I would recommend the minimum," but she would not commit without a presentence report. After this discussion and on the advice of his counsel, Taylor decided to go forward with the change of plea, expressly waiving any objection to the prosecutor's purported implied promise.

¶6 Before the change of plea, defense counsel also questioned the prosecutor about the two amended counts based on the free talk information and whether Taylor could waive his immunity. The prosecutor argued that Taylor could waive his immunity and stipulate to the amended counts in the plea. The court agreed. Ultimately, Taylor decided to waive any challenge to pleading guilty to the counts based on the free talk.

¶7 After accepting the plea, the court inquired whether the parties wished to proceed to sentencing. With the State recommending twelve years, the court told Taylor that it would be an "uphill battle" for the court to consider a ten-year sentence, but he would look at any mitigation Taylor wished to present. The court promised to sentence Taylor to twelve years if he waived the presentence report and proceeded to sentencing that day but offered to set a sentencing hearing and order the report. After consulting with defense counsel, Taylor waived his right to a presentence report. During the State's recommendation, the prosecutor erroneously told the court that Taylor had eight prior felony convictions and had spent a "significant time in prison." For mitigation, defense counsel listed Taylor's crippling methamphetamine addiction.

¶8 For aggravators, the court cited Taylor's prior felony convictions, pecuniary gain, and Taylor's "conduct." Defense counsel did not object to the court's consideration of Taylor's prior convictions. For mitigation, the court cited Taylor's addiction to methamphetamine as well as the severity of his addiction. The court then found the aggravators outweighed the mitigators and sentenced Taylor to the presumptive sentence of five years flat on Count 1 from the first indictment; the maximum sentence of ten years on Count 1 from the second indictment; the maximum sentence of three years on Count 3; a slightly aggravated sentence of twelve years flat on Count 4; and the maximum sentence of ten years on Count 5. All counts were ordered to run concurrently. Taylor received the appropriate amount of presentence incarceration credit on all counts.

¶9 Representing himself, Taylor timely filed a notice of post-conviction relief. He argued that (1) the State breached its promise to

recommend the minimum sentence; (2) ineffective assistance of counsel, and (3) the trial court improperly aggravated his sentence using prior felony convictions over ten years old. *See* Ariz. R. Crim. P. Rule 33.1(a). The State responded, and the trial court summarily dismissed the petition. This petition for review followed.

## DISCUSSION

I.      The prosecutor did not breach the plea agreement.

**¶10**      Taylor argues that the State breached the spirit of the plea agreement when it recommended a sentence of twelve years instead of the plea agreement floor of ten years. While Rule 17.4 requires all terms of a plea agreement to be reduced to writing, "an oral promise is just as binding as if written directly into the plea agreement." *State v. Romero*, 145 Ariz. 485, 487 (App. 1985); *see also United States v. Block*, 660 F.2d 1086, 1091-92 (5th Cir. 1981) ("the Government is free to negotiate away any right it may have to recommend a sentence"). However, claims regarding the voluntariness of a plea are meritless if the record shows the trial court questioned the defendant in accordance with *Boykin v. Alabama*, 395 U.S. 238 (1969), and the defendant's responses to those questions indicate the defendant entered the plea knowingly and voluntarily. *State v. Hamilton*, 142 Ariz. 91, 93 (1984).

**¶11**      Here, while the prosecutor stated she probably would recommend the sentencing floor so long as she received approval from her supervising attorney, she did not promise to do so. Indeed, she expressed at the settlement conference that she would not commit to a specific recommendation until she read the pre-sentence report—which Taylor later waived at the sentencing hearing. Her recommendation of twelve years was not a breach of the plea agreement because there was no promise—oral or written—that the prosecutor would recommend ten years. Further, the Court engaged in an extended colloquy with Taylor, who indicated that he knowingly and voluntarily entered the plea agreement and was waiving the right to rely on any purported promises as to sentencing made by the State at the settlement conference. Considering either the conduct of the prosecutor or Taylor's waiver, there was no error.

II.      Taylor received effective assistance of counsel.

**¶12**      Next, Taylor argues ineffective assistance of counsel based on counsel's waiver of the State breaching the spirit of the plea agreement. But this argument fails as well.

¶13            To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show prejudice, a defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* If a defendant fails to make a sufficient showing on either prong of the *Strickland* test, the trial court need not determine whether the defendant satisfied the other prong. *State v. Salazar*, 146 Ariz. 540, 541 (1985). Ineffective assistance must be a demonstrable reality rather than a matter of speculation. *State v. McDaniel*, 136 Ariz. 188, 198 (1983). A defendant is "entitled to the effective assistance of competent counsel" during plea negotiations. *McMann v. Richardson*, 397 U.S. 759, 771 (1970).

¶14            The record reflects that counsel ably assisted Taylor during plea negotiations. The record shows that Taylor conferred privately with his attorney and that Taylor was advised of the consequences of his plea and the tradeoffs thereof. Because there was no breach of any plea agreement term, counsel's advice to waive any challenge thereto was not error. As Taylor acknowledged in his colloquy with the judge before the plea was entered, immediately proceeding with the plea inured to his benefit. The judge offered to delay sentencing to present more mitigation evidence and obtain transcripts of the settlement conference to verify whether the State had promised to recommend ten years. After consultation with his attorney, Taylor chose to proceed with sentencing immediately. Taylor has presented no evidence that counsel behaved unprofessionally or that the result of the proceeding would have been different absent any purported failure by counsel. We find no error.

III.    The trial court incorrectly considered a historical felony conviction when determining Taylor's sentence.

¶15            Finally, Taylor claims that the trial court abused its discretion by considering prior felony convictions over ten years old as aggravators in violation of A.R.S. § 13-701(D)(11). Because this was the only enumerated aggravator the superior court found for Count Four, if we vacate this aggravator, we must vacate the other un-enumerated aggravators for Count Four. *State v. Schmidt*, 220 Ariz. 563, 566, ¶¶ 10-11 (2009) (application of any "catch-all" aggravators without a finding of an enumerated aggravator is a violation of due process). Based on the record, Taylor's last prior felony conviction was April 24, 2006. The earliest date of offense is

involving or using minors in drug offenses committed on July 1, 2016, from the first indictment. Thus, Taylor is correct that his prior felony convictions are all over ten years old and should not have been considered as statutory aggravators by the court.

**¶16** "[R]egardless of a defendant's agreement to a term, the state may not authorize an illegal condition in a plea agreement, nor may a court enforce an illegal provision, because 'parties cannot confer authority on the court that the law proscribes.'" *State v. Robertson*, 249 Ariz. 256, 262, ¶ 25 (2020) (quoting *State ex rel. Polk v. Hancock*, 237 Ariz. 125, 129, ¶ 10 (2015)). Therefore, notwithstanding Taylor's waiver of his right to appeal, we have jurisdiction to correct such an illegal sentence. *Robertson*, 249 Ariz. at 263, ¶¶ 27, 29; *see also* A.R.S. § 13-4037.

**¶17** Here, in the absence of an aggravating factor, the presumptive term for Count Four would be ten years of confinement with the Department of Corrections. A.R.S. § 13-3407(E). The discussion between the superior court judge and the attorneys present at sentencing reveals the judge's preference to be a sentence commensurate with the State's recommendation of twelve years, with the judge having the discretion to choose a ten-year sentence in the alternative given the plea agreement. *Cf. State v. Ojeda*, 159 Ariz. 560, 561-62 (1989) (citations omitted) (requiring remand for resentencing where "it is unclear whether the judge would have imposed the same sentence absent the inappropriate factors"). With the clarity provided by the record in this case, and with no other proper aggravators for the trial court to consider, we amend Taylor's sentence for Count Four to the presumptive ten-year term of incarceration with the Department of Corrections.

## CONCLUSION

**¶18** For the reasons stated, we grant review and grant relief in part by amending Taylor's sentence for Count Four to ten years in the custody of the Department of Corrections but deny all other relief.

