NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Petitioner*,

*v.*

DARREN SCOTT STANLEY, *Respondent*.

No. 1 CA-CR 20-0434 PRPC
FILED 5-31-2022

Petition for Review from the Superior Court in Maricopa County
No.  CR2009-048918-001
The Honorable Christine E. Mulleneaux, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF GRANTED IN PART AND DENIED IN
PART**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Daniel Strange
*Counsel for Petitioner*

Law Office of Mark Tallan, Phoenix
By Mark D. Tallan
*Counsel for Respondent*

------------------------

**MEMORANDUM DECISION**

Presiding Judge Peter B. Swann delivered the decision of the court, in which Judge David D. Weinzweig and Judge Paul J. McMurdie joined.

------------------------

**S W A N N**, Judge:

¶1          The state petitions this court for review of the superior court's order granting Darren Scott Stanley's petition for post-conviction relief. We grant review. We grant relief as to the court's ineffective assistance of counsel findings, but we otherwise deny relief.

## FACTS AND PROCEDURAL HISTORY

¶2          Stanley pled guilty in 2012 to three counts of attempt to commit sexual conduct with a minor, all class 3 felonies and dangerous crimes against children. The superior court sentenced him to 10 years of imprisonment on one count to be followed by lifetime probation on the two remaining counts.

¶3          Stanley began probation in July 2018. In April 2019, Stanley's probation officer filed a revocation petition, alleging that Stanley failed to pay court-imposed fees, failed to obtain prior written approval before attempting to contact the victim through a third party, and failed to participate in court-ordered sex-offender treatment. Stanley admitted to violating probation by paying some but not all of the fees, and the court accepted that admission. No admissions or findings were made regarding the other alleged violations.

¶4          At the disposition hearing, the victim's mother and the probation officer addressed the court, and letters from the victim and five others were read. Stanley and nine of his family members and friends then spoke. The court revoked Stanley's probation on one count "[b]ased upon the discharge from the [sex-offender treatment] group and the information provided specifically by the [ ] group," and sentenced him to 10 years in prison with lifetime probation on the remaining count to resume upon his release.

¶5          Stanley sought post-conviction relief under Ariz. R. Crim. P. 33.1(a), arguing that his sentence was in violation of law and that he received ineffective assistance of counsel. Without holding a hearing, the

superior court granted Stanley's request for relief. The court found the revocation of probation unlawful because it was made without proper findings of fact and without regard to Stanley's ability to pay, and found that Stanley received ineffective assistance of counsel when he was induced to admit an allegation for which he was not in violation, when counsel failed to request that witnesses at the disposition hearing be sworn and formally testify, and when counsel failed to cross-examine the witnesses.

¶6        The state petitions for review.

## DISCUSSION

¶7        We review the superior court's grant of post-conviction relief for an abuse of discretion. *State v. Pandeli*, 242 Ariz. 175, 180, ¶ 4 (2017). An abuse of discretion includes both legal error and a court's failure to "adequately investigate the facts necessary to support its decision." *Id.* The petitioner bears the burden of establishing an abuse of discretion. *State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011). However, when the superior court fails to make specific factual findings on one of the elements, our ordinary deference is largely inapplicable. *Pandeli*, 242 Ariz. at 180, ¶ 3.

I.        THE SUPERIOR COURT PROPERLY GRANTED POST-CONVICTION RELIEF BASED ON ITS EARLIER FAILURE TO INQUIRE INTO AND MAKE FINDINGS REGARDING STANLEY'S ABILITY TO PAY.

¶8        The state first contends that the probation revocation was supported by proper findings regarding Stanley's failure to pay fees. We disagree.

¶9        As an initial matter, the court premised the probation revocation not on the admitted failure-to-pay violation, but on one of the other alleged violations that was never admitted or found. That was error. At the disposition hearing, the only violation at issue was the failure to pay fees. And "[p]robation cannot be revoked solely on grounds of non-payment without regard to ability to pay." *State v. Davis*, 159 Ariz. 562, 563 (1989). When the sole basis for revocation is non-payment, the superior court "must inquire into the reasons for failure to pay" and may constitutionally revoke probation and order imprisonment only on a finding that the defendant willfully refused to pay or failed to make sufficient bona fide efforts to legally obtain the resources to pay. *State v. Robinson*, 142 Ariz. 296, 297 (App. 1984) (citation omitted). The court cannot "automatically turn[ ] a fine into a prison sentence." *Bearden v. Georgia*, 461 U.S. 660, 674 (1983).

¶10        Here, in the probation revocation proceedings the superior court received evidence that Stanley held a job and could have paid at least one dollar more than the $50 per month he paid toward the fees. But the court did not inquire into or make findings regarding the reasons why Stanley could not pay the fees in full. Accordingly, the court properly granted Stanley's petition for post-conviction relief.

## II.    STANLEY'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS DID NOT WARRANT POST-CONVICTION RELIEF.

¶11        Stanley was entitled to post-conviction relief for the reasons set forth above. But the court also premised the relief on ineffective assistance of counsel. We hold that the court erred by so doing.

¶12        To state a colorable claim of ineffective assistance of counsel, a defendant must show both that counsel's performance fell below objectively reasonable standards *and* that this deficiency prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The "[p]roof of ineffectiveness must be to a demonstrable reality rather than a matter of speculation." *State v. Santanna*, 153 Ariz. 147, 150 (1987); *see also* Ariz. R. Crim. P. 33.7(e) (requiring, as attachments to petition for post-conviction relief, "any affidavits, records, or other evidence currently available to the defendant supporting the allegations"). We presume that "counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 446 U.S. at 698. To overcome this presumption, the defendant must show that "counsel's decisions were not tactical in nature, but were instead the result of 'ineptitude, inexperience or lack preparation.'" *State v. Denz*, 232 Ariz. 441, 444, ¶ 7 (App. 2013) (citation omitted). "Disagreements in trial strategy will not support a claim of ineffective assistance so long as the challenged conduct has some reasoned basis." *State v. Gerlaugh*, 144 Ariz. 449, 455 (1985).

¶13        Stanley's first ineffective assistance claim was based on the fact that his counsel advised him to admit to not fully paying the fees.[1] But Stanley conceded in his petition for post-conviction relief that the admission was "a strategic decision" because counsel "believed that a total denial would prejudice the court against Mr. Stanley and make reinstatement unlikely." Counsel argued at the disposition hearing that the

---

[1]    Though in his petition for post-conviction relief Stanley characterized the admission as factually false, he provided no supporting affidavits, records, or other evidence to support that assertion.

failure to pay fees did not justify imprisonment, and he stated that Stanley would pay if reinstated on probation.

¶14        On this record, the superior court erred by finding that counsel's decision to have Stanley admit to nonpayment fell below objectively reasonable standards.  Further, Stanley failed to show prejudice. To show prejudice in the context of an admission to a probation violation, the defendant must demonstrate that absent counsel's advice, he would not have entered the admission and insisted on a violation hearing.  *C.f. State v. Bowers*, 192 Ariz. 419, 424, ¶ 19 (App. 1998) (holding that to satisfy the prejudice requirement of an ineffective assistance of counsel claim, the defendant must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" (citation omitted)).  Stanley makes no avowals—let alone provides any supporting evidence—that he would not have admitted to nonpayment but for counsel's advice.

¶15        Stanley's remaining ineffective assistance claims were based on counsel's failure to insist that the state's witnesses be sworn and cross-examined.   On this record, we perceive no deficiency or prejudice. Probation revocation proceedings are "not subject to the limitations of a formal trial," and there is no specific requirement for formal sworn testimony.  *State v. Sanchez*, 19 Ariz. App. 253, 254 (App. 1973).  A judge can rely on any complete and accurate information to fashion an appropriate sentence.  *See State v. Watton*, 164 Ariz. 323, 328 (1990) ("A judge cannot fashion an appropriate sentence for a particular defendant if relevant information, whether in aggravation or mitigation, is withheld.").

¶16        Here, the victim's representative and the letters from the victim and her family focused on the long-lasting emotional impact of Stanley's crimes on their family.  The probation officer discussed Stanley's attempt to contact the victim and his poor performance in treatment. Counsel objected to the treatment-performance characterization, and Stanley thereafter had the opportunity to present his own witnesses' letters and speak on his own behalf.  Additionally, counsel filed a disposition memorandum stating that Stanley did not intend his letter to the victim to be disseminated to the victim or her family, explaining his reasons for missing treatment while on probation, and asserting his desire to continue treatment if reinstated.   Counsel also attached a document detailing Stanley's participation in treatment while imprisoned, as well as multiple good-character letters from his family and friends.  The absence of cross-examination therefore did not prejudice Stanley.  *See Gerlaugh*, 144 Ariz. at 457 (finding no prejudice when counsel challenged aggravators and

presented mitigating factors and numerous witnesses on behalf of the defendant at sentencing); *State v. Walter*, 12 Ariz. App. 282, 284 (1970) (finding no denial of due process rights when cross-examination of probation officer was denied but probationer's counsel was given opportunity to speak and probationer was given opportunity to testify and present witnesses).

¶17         The superior court erred by finding colorable any of Stanley's ineffective assistance claims.   We reject Stanley's cumulative-prejudice theory.  *See Pandeli*, 242 Ariz. at 191–92, ¶¶ 69–72.  Because we conclude that Stanley's claims were not colorable, we do not address the state's argument regarding the court's failure to hold an evidentiary hearing.  *See State v. Schrock*, 149 Ariz. 433, 441 (1986) (holding that a defendant is entitled to a hearing when he presents a colorable ineffective assistance claim); *see also* Ariz. R. Crim. P. 33.11(b), 33.13(a) (providing for evidentiary hearing to determine issues of material fact when petition is not summarily denied).

## CONCLUSION

¶18         For the reasons set forth above, we grant review of the state's petition.  We grant relief as to the ineffective assistance of counsel findings, but we otherwise deny relief.



AMY M. WOOD • Clerk of the Court
FILED:     AA