534 P.2d 283

**Harold J. CARDWELL, Superintendent of Arizona State Prison, and the State of Arizona, Appellants,**

v.

**Michael F. X. HOGAN and John T. Zaremba, Appellees.**

**No. 2 CA–CIV 1744.**

Court of Appeals of Arizona, Division 2.

April 23, 1975.

Rehearing Denied June 4, 1975.

Review Denied Sept. 18, 1975.

N. Warner Lee, Former Atty. Gen., Bruce E. Babbitt, Atty. Gen., by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellants.

Wood, Platt & Jenson, P. C. by Dennis D. Jenson, Coolidge, for appellees.

OPINION

HATHAWAY, Judge.

We are called upon in this appeal to determine the validity of a regulation of the Arizona State Prison providing that property not issued to inmates or permitted by the rules or specifically authorized is contraband and subject to confiscation. Specific provision is made for disposition and transfer of money and its retention in inmates' savings accounts and there are statutory provisions which allow inmates to save wages earned. A.R.S. §§ 31–251, 31–254 and 31–261. However, under the prison rules, personal possession of money is prohibited and constitutes possession of contraband, subjecting it to confiscation

and placement in the prison inmates' welfare fund, also known as the amusement and recreation fund, which is used to support the inmates' recreational program in the prison.[1]

On May 24, 1973, a search of inmate Zaremba and his cell conducted by prison authorities turned up the sum of $205 in cash which was taken from him and deposited in the inmates' welfare fund. On June 5, another search resulted in the seizure of $115 cash from inmate Hogan and an additional $20 from inmate Zaremba. This money was also deposited in the inmates' welfare fund.

The inmates brought suit alleging unlawful confiscation of their money and the refusal to return the money or honor their requests to place the money in their individual savings accounts. Judgment was asked in the amount of the money taken plus $25,000 in punitive damages.

The defense motion to dismiss for failure to state a claim was denied and plaintiffs' motion for partial summary judgment was granted for the amount of the money taken. The court made findings of fact and conclusions of law upon request of the attorney general pursuant to Rules 52(a) and 75(g), Arizona Rules of Civil Procedure, 16 A.R.S. The court's conclusions of law clearly point up the problem and the trial court's position so we set them forth:

"1. That correctional authorities, in this case the prison administration, have wide discretion in matters of internal affairs and that the rule declaring that inmates shall not have in their possession any form of currency is valid.

2. That the defendants had a legal right to search plaintiffs and to seize the money which was taken from their person; however, they had no legal right by statute or otherwise to claim title to this money and place it in the Amusement and Recreation Fund.

3. That the actions taken by defendants after the money was seized from the plaintiffs constituted conversion and defendants are liable to plaintiffs for the amount taken from their persons in the sum of $340.00."

We are unable to concur with the trial court's conclusion of law that the prison personnel had no right to confiscate the money and place it in the inmates' welfare fund and that such confiscation constituted a conversion.

■ Specifically, pertinent constitutional rights of prisoners are suspended while they remain under sentences, otherwise appellees would not be prison inmates. Holman v. State, 5 Ariz.App. 311, 426 P.2d 411 (1967). As a necessary incident of their imprisonment, certain constitutional rights may be "impinged upon for security or rehabilitative purposes." James v. Wallace, 382 F.Supp. 1177 (D.C.Ala.1974); Jones v. Metzger, 456 F.2d 854 (6th Cir. 1972). Cf. Price v. Johnston, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948). Wide discretion is vested in correctional authorities in matters of internal administration and reasonable action within the scope of this discretion does not violate a prisoner's constitutional rights. Smith v. Schneckloth, 414 F.2d 680 (9th Cir. 1969); Beard v. Lee, 396 F.2d 749 (5th Cir. 1968); Lee v. Tahash, 352 F.2d 970 (8th Cir. 1965); Snow v. Gladden, 338 F.2d 999 (9th Cir. 1964); McCloskey v. Maryland, 337 F.2d 72 (4th Cir. 1964).

■ Without the questioned regulations, inmates could retain possession of any sums of money they could acquire, facing only the possibility that, if discovered, the money would be taken from their possession and placed in their individual savings accounts. Such a policy could encourage gambling, trafficking in drugs, and a host of other unedifying activities, to say nothing of the risk of temptation to security

---

1. At the time of the confiscation, the inmates were governed by the inmates' rule book. As of December 22, 1973, the inmates' rule book was replaced by the inmates' reference manual.

personnel. We have no difficulty in finding a rational justification for the regulation.

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

HOWARD, C. J., and KRUCKER, J., concur.