851 P.2d 129

**STATE of Arizona, Appellee,**

v.

**Dennis Louis ALVES, Appellant.**

**No. 1 CA–CR 90–1710.**

Court of Appeals of Arizona, Division 1, Department C.

Sept. 22, 1992.

Review Denied May 18, 1993.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Div., and Jack Roberts, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Helene F. Abrams, Deputy Public Defender, Phoenix, for appellant.

## OPINION

KLEINSCHMIDT, Judge.

The defendant, Dennis Louis Alves, appeals the revocation of his probation. He was originally convicted of attempted molestation of a child. He was placed on probation on the condition that he successfully complete a shock incarceration program. He was dismissed from the shock incarceration program for failure to abide by its rules and regulations. He claims that his probation cannot be revoked because he was not given a written copy of the rules and regulations.

Specifically, the defendant was dismissed from the program for disobeying a direct order. According to the evidence, at the inception of the program the defendant had been told not to lie to program officers. The defendant was accused of telling an officer that the victim of his crime was thirteen or fourteen years old when she was actually only four. The defendant testified that, for his own self-protection, he had been instructed by an officer to lie to other inmates and officers about the nature of his offense. The officer who supposedly told the defendant to do this denied telling the defendant to lie to other officers.

The defendant argues that Rule 27, Arizona Rules of Criminal Procedure, which requires that a probationer be given the terms and conditions of probation in writing, extends to the rules and regulations of any program that is imposed as a condition of probation. Since he was not given a written copy of the rules and regulations of the shock incarceration program, he contends that his probation cannot be revoked for failing to abide by those rules.

We reaffirm that a probationer cannot be revoked for violating a term or condition of probation which has not been provided to the probationer in writing.

This rule, however, does not extend so far as to require that the rules and regulations of any program in which a probationer is required to participate be furnished in writing.

Rule 27.1, Arizona Rules of Criminal Procedure, provides:

The sentencing court may impose on a probationer such conditions as will promote rehabilitation. In addition, the appropriate probation officer may impose on the probationer regulations which are necessary to implement the conditions imposed by the court and not inconsistent with them. All conditions and regulations shall be in writing, and a copy of them given to the probationer.

Rule 27.7(c)(2) provides:

Upon a determination that a violation of a condition or regulation of probation occurred, the court may revoke, modify or continue probation. If probation is revoked, the court shall pronounce sentence in accordance with the procedures set forth in Rules 26.10 through 26.16. Probation shall not be revoked for violation of a condition or regulation of which the probationer has not received a copy.

It is clear that probation cannot be revoked for the violation of a term or condition of probation which has not been provided to the probationer in writing. *State v. Stotts*, 144 Ariz. 72, 78, 695 P.2d 1110, 1116 (1985); *State v. Jones*, 163 Ariz. 498, 788 P.2d 1249 (App.1990); *State v. Acosta*, 25 Ariz.App. 44, 540 P.2d 1263 (1975); *State v. Heasley*, 23 Ariz.App. 345, 533 P.2d 556 (1975).

There is a dual purpose for the rule. First, it reduces evidentiary disputes about what the probationer did or did not know as to the behavior expected. Second, it protects probationers against arbitrary action on the part of probation officers. *Heasley*, 23 Ariz.App. at 347, 533 P.2d at 558.

While the reduction of evidentiary problems and arbitrariness will often be best served if programs like shock incarceration provide probationers with written rules, we do not think it necessary or desirable to extend Rule 27 to make that a requirement.

Requiring that probationers be provided with written rules might make sense with respect to some programs like shock incarceration, but would make less sense with respect to other programs. For example, a probationer may be ordered to remain in school. Schools may or may not have written rules, and if they do, they may or may not, as a regular practice, provide every student with a copy. It would be impractical to try to distinguish between such programs as to which must, and which need not, provide a probationer with written rules and regulations.

■ Our resolution of this question does not leave probationers at the whim of those who administer programs in which probationers participate. A violation of probation must be willful. *See State v. Robinson*, 142 Ariz. 296, 689 P.2d 555 (App.1984). An arbitrary termination from a program, or a termination for the violation of a rule which a probationer is not, and could not be expected to be aware of, will not support a revocation of probation.

■ The defendant's claim that the revocation petition was defective and violative of his due process right to notice is made for the first time on appeal and is therefore waived. *Stotts*, 144 Ariz. at 81, 695 P.2d at 1119. In any event, the record does not support the defendant's position. The petition to revoke probation specified that he had failed to abide by term number 20 of the terms and conditions of probation by failing to complete the shock incarceration program. There is no suggestion in the record that the defendant did not know what the focus of the revocation hearing was to be, or that he was not prepared to meet the allegations of the petition.

■ Finally, although the trial judge explicitly found that the state had met its burden of proving the alleged violation in this case, the judge did not make specific findings of fact concerning the violation. *See* Ariz.R.Crim.P. 27.7(b)(4). In view of the fact that the court had been requested to decide between only two conflicting versions of a single alleged violation, the error was merely technical. Implicit in the rul-

ing is the finding that the defendant was justifiably terminated from the program for lying. We will not overturn a revocation on a mere technicality. *State v. Williams,* 122 Ariz. 146, 150, 593 P.2d 896, 900 (1979).

We have reviewed the record for fundamental error pursuant to A.R.S. § 13–4035 and have found none. The revocation of probation and disposition are affirmed.

VOSS, P.J., and TOCI, J., concur.