856 P.2d 1194

STATE of Arizona, Appellee,

v.

Gilbert Ruiz PERALTA, Appellant.

No. 1 CA–CR 92–0524.

Court of Appeals of Arizona, Division 1, Department A.

July 22, 1993.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Appeals Section, and Diane M. Ramsey, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Garrett W. Simpson, Deputy Public Defender, Phoenix, for appellant.

## OPINION

KLEINSCHMIDT, Judge.

The defendant, Gilbert Ruiz Peralta, appeals the revocation of his probation. He was originally convicted of conspiracy to offer to sell dangerous drugs, and he was placed on probation for five years.

The defendant's probation was revoked and reinstated with the condition that he complete a "shock incarceration" program pursuant to Ariz.Rev.Stat.Ann. ("A.R.S.") section 13–915. While in that program, the defendant allegedly committed four rule violations: (1) talking in the chow line, (2) hiding a sock in his spare blanket, (3) getting into a shoving match with another inmate over a laundry bag, and (4) failing to complete a writing assignment on time. After the defendant's fourth violation, he was dismissed from the program, and the state filed a petition to revoke his probation for failure to fulfill its terms.

At the revocation hearing, the trial judge found by a preponderance of the evidence that the defendant had violated four different shock program rules which justified his dismissal from the program, and thus, the

revocation of his probation. The defendant was sentenced to serve 5.25 years, less 224 days served, and he was fined $1,400.

■ At the revocation hearing, the defendant admitted the infractions but offered mitigating explanations for them. On appeal, he raises four issues. None of these issues were raised in the revocation proceeding, and they are therefore waived. We will review the record and these issues for fundamental error.

■ First, the defendant argues that the trial court erred in applying an "arbitrary and capricious" standard of review to determine whether he had violated his probation. The essence of what the trial judge did was find by a preponderance of the evidence that the Department of Corrections did not act arbitrarily and capriciously in dismissing the defendant from the shock incarceration program. The defendant cites no authority in support of his argument, and we are of the opinion that the trial judge applied the proper standard. *See Cooke v. Tramburg,* 43 N.J. 514, 205 A.2d 889, 892 (N.J.1964).

■ Next, the defendant argues that he was unaware of what was expected of him because of the absence of standards by which to determine the severity of infractions and that, for this reason, his termination from the program and resulting revocation of probation violated his right to due process of law. It is true that "a termination for the violation of a rule which a probationer is not, and could not be expected to be aware of, will not support a revocation of probation." *State v. Alves,* 174 Ariz. 504, 851 P.2d 129 (App.1992). Here, however, the rules were explained to the defendant and a copy made available to him. He was also familiar with the rules and knew that violations could result in his dismissal. The defendant admitted that he knew his actions violated the rules and admitted he was given warnings that his behavior was substandard prior to his dismissal. A probationer's due process rights

may be curtailed to preserve discipline or promote rehabilitation as long as the action is neither arbitrary nor capricious. *Ponte v. Real,* 471 U.S. 491, 499, 105 S.Ct. 2192, 2197, 85 L.Ed.2d 553 (1985); *see also Cardwell v. Hogan,* 23 Ariz.App. 475, 476, 534 P.2d 283, 284 (1975) (impinging on constitutional rights for security or rehabilitative purposes permissible when actions are reasonable and fall within wide range of discretion given prison authorities). For a program like shock incarceration to work, officers must have broad discretion to evaluate rule infractions because of the subjective factors involved. Without such leeway, programs to reform behavior would be impossible to administer.

■ The defendant next argues that the trial court improperly delegated judicial power to the Department of Corrections by allowing it to adjudge violations of its rules. It is true that a court may not delegate its power to an executive agency like the Department of Corrections. *See State v. Wilson,* 150 Ariz. 602, 608, 724 P.2d 1271, 1277 (App.1986). Here, however, the court reviewed the Department of Corrections' decision but was not bound by it. If the court had found that the dismissal from shock incarceration was arbitrary and capricious, while it could not have ordered the Department to retain the defendant in the program, it could have, and should have, refused to revoke the defendant's probation. Indeed, even though the court found that the dismissal of the defendant from the program was not arbitrary and capricious, it could have found the defendant in violation of probation but reinstated him on probation had it seen fit to do so. There was no improper delegation of judicial power.

■ The defendant's final argument is that the trial judge committed fundamental error by deciding the case on matters outside the record, thus evincing a bias and prejudice that should have led to his recusal. The argument is based on the following comment that the judge made at sentencing:

It's been my experience that the department of corrections normally goes out of

its way to see to it that people are not washed out of the program because it's in their own selfish best interests for both maintaining the continuation of the program, obtaining funding for the program, and looking good to others....

The judge's observations about his experience with the department of corrections and his opinion of their policy was the type of common sense consideration based on life experience that is a permissible part of the decision-making process. *See United States v. Cohen,* 644 F.Supp. 113 (E.D.Mich.1986); *State v. Harris,* 291 Or. 179, 630 P.2d 332 (1981). The fact that a judge may have strong feelings about a case or an opinion about the merits does not mean that the judge is biased and prejudiced and must remove himself from the case. *In re Guardianship of Styer,* 24 Ariz.App. 148, 151, 536 P.2d 717, 720 (1975).

We have reviewed the record for fundamental error pursuant to A.R.S. section 13–4035 and have found none. The revocation of probation and disposition are affirmed.

EHRLICH, P.J., and CONTRERAS, J., concur.