NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ANTHONY WILLIAM CHAVEZ, *Appellant.*

No. 1 CA-CR 18-0711
FILED 9-19-2019

Appeal from the Superior Court in Apache County
No. S0100CR201400204
S0100CR201500173
S0100CR201500174
S0100CR201500206
S0100CR201500251
The Honorable Michael D. Latham, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jana Zinman
*Counsel for Appellee*

Law Office of Elizabeth M. Hale, Lakeside
By Elizabeth M. Hale
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge James B. Morse Jr. joined.

---

**W I N T H R O P**, Judge:

**¶1**　　　Anthony William Chavez appeals the superior court's decision to revoke his probation and resulting sentences. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY[1]

**¶2**　　　On April 4, 2016, Chavez entered a combined plea agreement, pleading guilty to seven felony counts in five cases. A sixth case was dismissed. The superior court suspended sentence and placed Chavez on concurrent terms of intensive supervised probation ("IPS"). The court imposed seven years of IPS on all of the Class 2 felony counts (promoting prison contraband and two counts of trafficking in stolen property in the first degree); five years of IPS on all of the Class 3 felony counts (two counts of burglary in the second degree); four years of IPS on the Class 4 felony count (burglary in the third degree); and three years of IPS on the Class 6 felony count (criminal damage).

**¶3**　　　Chavez received and signed a copy of the Uniform Conditions of Supervised Probation for each count, and he received and signed a copy of the Conditions of Intensive Probation for each case. The court advised Chavez that if he violated any of the conditions of his probation, his probation could be revoked and he could be sentenced to prison; Chavez acknowledged the conditions. Chavez's probation officer clarified the probation terms with an Implementation on June 8, 2016, ordering Chavez to "[a]ctively participate in and complete any recommended counseling or treatment" at Little Colorado Behavioral Health Center and to "pay a minimum of $92.00 per month for probation fees, fines, and/or restitution." Chavez signed the Implementation to acknowledge receipt of the additional terms.

---

[1]　　　We view the facts in the light most favorable to sustaining the verdict. *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

¶4 Nevertheless, Chavez violated the conditions of his probation on multiple occasions over the following eighteen months. Apache County Adult Probation Officer Cole ("APO Cole") filed a petition to revoke probation on October 23, 2017, alleging four violations:

### COUNT I

Term # 6. I will report to the APD [Adult Probation Department] within 72 (or 72) hours of sentencing, absolute discharge from prison, release from incarceration, or residential treatment and continue to report as directed. I will also keep APD advised of progress toward case plan goals and comply with any written directive of the APD to enforce compliance with the conditions of probation. I will provide sample for DNA testing if required by law.

Violation: Mr. Chavez refused to sign an Implementation dated October 10, 2017.

### COUNT II

Term # 14. I will seek, obtain, and maintain employment, if legally permitted to do so, and/or attend school. I will inform the APD of any changes within 72 hours.

Violation: Mr. Chavez has failed to be employed from June 9, 2016 to November 13, 2017.

### COUNT III

Term # 15. I will be financially responsible by paying all restitution, fines, and fees in my case as imposed by the Court. I understand, if I do not pay restitution in full, the Court may extend my probation.

Violation: The defendant failed in CR#2014-204 and CR#2015-206/251 to make monthly payments for July, August, September, October, November, and December 2016; and for January, February, March, April, May, June, July, August, and September 2017.

### COUNT IV

Term # 22. I will enroll in and successfully complete drug screening, treatment, and counseling[.]

Violation: The defendant failed to enroll in and successfully complete Moral [Reconation] Therapy[2] and/or Relapse Prevention Group.

¶5        On July 17, 2018, the superior court held a probation violation hearing. APO Cole testified that as to Count I, on October 10, 2017, Chavez refused to sign an implementation, requiring Chavez to gain part-time employment within sixty days and to begin making timely monthly payments. As to Count II, APO Cole testified Chavez had not been employed since June 2016, and refused to search for a job. For Count III, APO Cole stated Chavez owed $11,859.68 in restitution and $3,815.68 in fines and fees, missing every monthly payment minimum. Finally, as to Count IV, APO Cole testified Chavez never enrolled in or completed Moral Reconation Therapy or a relapse prevention group as recommended by Little Colorado Behavioral Health Center.

¶6        Chavez's mother testified that Chavez suffered from mental illness, that he required her assistance before signing documents, and that he was unable to pay $92 per month. Chavez also presented a letter in which his treating psychiatrist, Dr. Gibson, opined that Chavez will not "be able to maintain employment in the future for at least one year and longterm [sic]/lifelong."

¶7        Chavez elected to testify at the hearing. He stated that he did not sign the October 2017 implementation because his mother was not present to explain it to him. He claimed he could not work because of his memory problems. Chavez testified that, at his original sentencing, the court told him he only had to pay $5 per month. He also claimed he could not pay more than $5 per month and still afford clothes, shoes, or food. Finally, Chavez said he did not remember being ordered to complete Moral Reconation Therapy or attend a relapse prevention group. On cross-examination, Chavez conceded that he had never made a $92 payment and never attended therapy.

---

[2]      Moral Reconation Therapy is a "cognitive-behavioral program for substance abuse treatment and offender populations." *See generally*, http://www.moral-reconation-therapy.com/. (last visited 09/12/19).

¶8        The superior court found that the State proved, by a preponderance of the evidence, that Chavez violated Counts I, II, III, and IV.  At the disposition hearing, the court found that Chavez had refused to sign the implementation, failed to pay fines or restitution, and failed to make "really sufficient efforts to maintain or try to get money or employment."  The court concluded that Chavez had not "made a good faith effort to successfully complete probation."  The court revoked Chavez's probation and imposed presumptive, consecutive terms between cases and concurrent terms on counts in the same case, totaling 18.5 years in prison.  Chavez timely appealed, and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

### I.        *Willful Violation*

¶9        Chavez first argues that the revocation was in error because he did not willfully violate the terms of probation.  A probation violation must be willful.  *State v. Alves*, 174 Ariz. 504, 506 (App. 1992).  Probation cannot be revoked for violation of a rule that the probationer cannot "be expected to be aware of."  *Id.*  Therefore, the terms of probation must be provided in writing.  *Id.* at 505-06; *see* Ariz. R. Crim. P. 27.1 and 27.8(c)(2). We review a superior court's decision to revoke probation for an abuse of discretion and will uphold the court's findings unless they are arbitrary or unsupported by any theory of the evidence.  *See State v. Portis*, 187 Ariz. 336, 338 (App. 1996); *State v. Sanchez*, 19 Ariz. App. 253, 254 (1973); *State v. Vaughn*, 217 Ariz. 518, 521, ¶ 14 (App. 2008).  The superior court is in the best position to assess the credibility of witnesses and to resolve any conflicts in the evidence.  *See State v. Thomas*, 196 Ariz. 312, 313, ¶ 3 (App. 1999).

¶10        Chavez's terms of probation were provided to him in writing in the Uniform Conditions of Supervised Probation and the June 8, 2016 Implementation.  He signed and acknowledged receipt of these terms. Term #6 warned him that he had to follow any written directive by APD; therefore, his failure to sign the October 10, 2017 Implementation was a violation.  The superior court found that Dr. Gibson's opinion regarding Chavez's ability to work was "speculat[ive]" and did not create an exception for the requirement that Chavez look for or maintain employment.  The court then rejected as unpersuasive Chavez's contention

that it previously reduced his monthly payments to $5.[3]  In addition to the June 8 Implementation, APO Cole testified that she spoke to Chavez about attending counseling at Little Colorado Behavioral Health Center.  Further, the evidence of the signed previous implementation orders, his multiple insufficient $5 payments toward his restitution and fees, and his attendance at Little Colorado Behavioral Health Center for other services shows that Chavez was aware of these terms.  Thus, the court did not abuse its discretion by finding that Chavez willfully violated the terms of his probation.

> *II.*    Bearden-Robinson *Findings*

**¶11**        Chavez next contends that revocation was in error because the superior court failed to make findings as to the reasons for his failure to pay restitution and fees in accordance with *Bearden v. Georgia*, 461 U.S. 660 (1983) and *State v. Robinson*, 142 Ariz. 296 (App. 1984).  Because Chavez did not object at the probation violation hearing, our review is limited to prejudicial, fundamental error.  *State v. Davis*, 226 Ariz. 97, 100, ¶¶ 11-12 (App. 2010); *see State v. Henderson*, 210 Ariz. 561, 567, ¶¶ 19-20 (2005).

**¶12**        Before revoking probation for a failure to pay fines, fees, or restitution, "a sentencing court must inquire into the reasons for the failure to pay."  *Bearden*, 461 U.S. at 672; *see Robinson*, 142 Ariz. at 297.  A probationer's willful refusal to pay or a failure to make "sufficient bona fide efforts" to pay restitution can justify a term of imprisonment.  *Bearden*, 461 U.S. at 672.  On the other hand, "[i]f the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternate measures of punishment other than imprisonment."  *Id.*  In determining whether there has been a bona fide effort, "the sentencing court can consider the entire background of the defendant, including his employment history and financial resources," and whether the defendant has complied with the other terms of probation.  *Id.* at 670.

---

[3]        Neither party submitted a record that included a transcript of the change of plea or sentencing hearings.  As such, we presume that those transcripts support the actions of the superior court.  *Bolm v. Custodian of Records of Tucson Police Dep't*, 193 Ariz. 35, 41-42, ¶ 19 (App. 1998).  In addition, the same judge presided over all of these proceedings, and at the probation violation hearing, the judge dispelled Chavez's contention and observed that he has never authorized such payment terms—particularly in the face of written probation terms to the contrary—to convince a defendant to enter a plea agreement.

¶13            The superior court made the appropriate findings regarding Chavez's failure to pay his fees and restitution before revoking probation. The court heard testimony from Chavez, his mother, and APO Cole regarding Chavez's financial resources and his efforts to find employment. The court considered Chavez's efforts to pay the fees and restitution, including his employment history, but found Chavez had not "made really sufficient efforts to maintain or try to get money or employment."   The court also found that Dr. Gibson's letter did not support any finding that Chavez should be exempt from searching for or maintaining a job.   While Chavez did make some payments, he only paid $60 over eighteen months, and he failed to make payments for several months.  *C.f. Robinson*, 142 Ariz. at 297 (finding that probationer made bona fide efforts when he paid $1,500 toward his fines and restitution over two years).   Finally, the court considered Chavez's entire background and compliance with the other terms of probation: "[O]ver the course of your life, you've shown that you're unwilling to be a law-abiding citizen.  When you were given the chance to be on probation, you showed you were unwilling to comply." The superior court properly considered Chavez's reasons for failure to pay restitution and fees.  There was no error.

### III.    *Course of Performance*

¶14            Chavez also argues that the superior court erred by not applying contract law standards to the plea agreement.  Specifically, Chavez argues that the court failed to consider the course of performance created by APD's acceptance of his $5 payments over many months and by the long-standing practice of his mother reading implementations to him before he signed the paperwork.  Because Chavez did not raise this issue at the probation violation hearing, our review is limited to prejudicial, fundamental error. *Davis*, 226 Ariz. at 100, ¶¶ 11-12; *see Henderson*, 210 Ariz. at 567, ¶¶ 19-20.

¶15            We find Chavez's course of performance argument unpersuasive and inapposite to the writing requirements of Arizona Rule of Criminal Procedure 27.   Any term of probation must be provided in writing to the probationer. *See Alves*, 174 Ariz. at 506 (citing Ariz. R. Crim. P. 27.1 and 27.7(c)(2)).  This Rule also applies to any modified or clarified term of probation.  Ariz. R. Crim. P. 27.3(d).  APD's acceptance of Chavez's $5 payments was not in writing and therefore was not a modification of his monthly requirement to pay a minimum $92.  Similarly, although APD permitted Chavez's mother to read some documents before Chavez signed them, this practice did not create a new term of probation requiring her

presence before every new document could be presented to Chavez for review and signature.  Thus, we find the superior court did not err.

IV.    *Specific Findings*

**¶16**    Finally, Chavez contends that the superior court erred by failing to make specific findings on the record.  *See* Ariz. R. Crim. P. 27.8(b)(5) ("If the court finds that the probationer committed a violation of a condition or regulation of probation, it must make specific findings of the facts that establish the violation and then set a disposition hearing."). Chavez failed to object at the disposition hearing, however, and he failed to develop the argument on appeal; accordingly, we find the argument waived.  *See Christy C. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 445, 452, ¶¶ 20-21 (App. 2007) ("[A] party may not 'sit back and not call the trial court's attention to the lack of a specific finding on a critical issue, and then urge on appeal that mere lack of a finding on that critical issue as a grounds for reversal.'" (quoting *Bayless Inv. & Trading Co. v. Bekins Moving & Storage Co.*, 26 Ariz. App. 265, 271 (1976))); *State v. Bolton*, 182 Ariz. 290, 298 (1995) ("Failure to argue a claim on appeal constitutes waiver of that claim.").

**CONCLUSION**

**¶17**    For the foregoing reasons, the revocation of Chavez's probation and the resulting sentences are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA