NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JO DEAN MCDONALD, *Appellant*.

No. 1 CA-CR 19-0598
FILED 6-4-2020

Appeal from the Superior Court in Yavapai County
No. V1300CR82009-0017
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Zickerman Law Office, Flagstaff
By Adam Zickerman
*Counsel for Appellant*

―――――――――――――――――――

## MEMORANDUM DECISION

Judge David B. Gass delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Maria Elena Cruz joined.

―――――――――――――――――――

**G A S S**, Judge:

¶1        Jo Dean McDonald appeals the superior court's judgment finding he violated his probation for attempted sexual conduct with a minor under 15 years of age. After searching the entire record, McDonald's counsel identified no arguable, non-frivolous question of law. McDonald's counsel asked this court to search the record for fundamental error in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). After reviewing the entire record, this court finds no error. Accordingly, this court affirms McDonald's convictions and sentences.

## FACTUAL AND PROCEDURAL HISTORY

¶2        This court views the facts in the light most favorable to sustaining the verdict and resolves all reasonable inferences against McDonald. *See State v. Felix*, 237 Ariz. 280, 283, ¶ 2 (App. 2015).

¶3        In January 2009, the grand jury indicted McDonald on 20 felony charges—10 counts of knowingly engaging in sexual contact with a child under 14 years of age and 10 counts of molestation of a child under 14 years of age. After McDonald moved to dismiss the indictment, the State returned to the grand jury and indicted McDonald on 8 counts of knowingly engaging in sexual contact with a child under 14 years of age. M.A., McDonald's daughter, was the victim on all counts. M.A. alleged McDonald sexually abused her between 1993 and 1994.

¶4        In 2010, McDonald pled guilty to three counts of attempted sexual conduct with a minor under 15 years of age. All three counts were class 3 felonies and dangerous crimes against children. Under the plea agreement, McDonald agreed to lifetime probation on counts 1 and 2 and a prison sentence of 7-10 years on count 3. M.A. made a statement at the sentencing hearing, as did McDonald. The superior court sentenced McDonald to the presumptive term of 10 years imprisonment on count 3. McDonald was given 472 days presentence incarceration credit. The

sentencing order was subsequently amended to award M.A. $673.90 in restitution.

¶5         Following his sentencing in 2010, McDonald moved for post-conviction relief, raising an ineffective assistance of counsel claim. After searching the record, counsel for McDonald was unable to find any claims for relief to raise in the post-conviction relief proceeding. McDonald was permitted to proceed *in propria persona* but failed to file a timely petition for post-conviction relief. McDonald's Notice of Post-Conviction Relief was dismissed. McDonald was released from the Arizona Department of Corrections on July 31, 2017, and began the two terms of lifetime probation.

¶6         About a year after McDonald's release, the Yavapai County Adult Probation Department petitioned the superior court to revoke his probation. The Probation Department requested revocation because McDonald was unsuccessfully discharged from mandatory counseling. McDonald was found not to be amendable to counseling or treatment because of his continued denial of, and failure to accept responsibility for, his offenses. The superior court revoked McDonald's probation and issued a warrant for his arrest.

¶7         The superior court initially found McDonald to be incompetent but likely to be restorable within 15 months. The superior court ordered McDonald to be committed to a restoration to competency program. In May 2019, McDonald was deemed to be mentally competent to proceed to trial.

¶8         The superior court then conducted a probation violation hearing. At the hearing, Scott Poole, an adult probation officer, testified McDonald was discharged unsuccessfully from treatment in violation of his probation. McDonald did not present any evidence. The superior court found McDonald violated his probation because he did not actively participate in sex offender treatment, resulting in his unsuccessful discharge. The superior court scheduled a sentencing hearing.

¶9         After McDonald briefly spoke at the sentencing hearing, the superior court sentenced him to a slightly mitigated term of 8 years in prison on count 1 and gave him credit for 376 days for time served. The superior court reinstated McDonald on lifetime probation on count 2 upon his release under count 1.

## ANALYSIS

**¶10** This court has read and considered counsel's brief and fully reviewed the record for reversible error, finding none. *See Leon*, 104 Ariz. at 300; *State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011).

**¶11** All proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The record shows McDonald was present for, and represented by counsel at, all critical stages of the proceedings. *See State v. Bohn*, 116 Ariz. 500, 503 (1977); *State v. Conner*, 163 Ariz. 97, 104 (1990). McDonald was aware of the conditions of his probation, which he willfully violated. *See State v. Alve*, 174 Ariz. 504, 506 (App. 1992). The superior court acted properly when it tried McDonald only after he was restored to competency in a period shorter than 15 months. *See State v. Silva*, 222 Ariz. 457, 462, ¶¶ 25-26 (App. 2009). Additionally, McDonald was present and given the opportunity to speak at sentencing, the sentence imposed on count 1 was within the statutory guidelines, and the superior court acted within its discretion to reinstate McDonald on lifetime probation under count 2. *See* Ariz. R. Crim. P. 26.9, 26.10(b)(1); A.R.S. §§ 13-1001, 13-1405, 13-701, 13-705.

## CONCLUSION

**¶12** McDonald's convictions and sentences are affirmed.

**¶13** Defense counsel's obligations pertaining to McDonald's representation in this appeal have ended. Defense counsel need only inform McDonald of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

**¶14** McDonald has thirty days from the date of this decision to proceed, if he wishes, with an *in propia persona* petition for review. *See* Ariz. R. Crim. P. 31.21. This court, on its own motion, also grants McDonald thirty days from the date of this decision to file an *in propia persona* motion for reconsideration. *See* Ariz. R. Crim. P. 31.20.



AMY M. WOOD • Clerk of the Court
FILED: AA