NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

DIANA OMOREGIE TURAY, *Appellant*.

No. 1 CA-CR 25-0099

FILED 01-07-2026

---

Appeal from the Superior Court in Maricopa County
No. CR2022-102616-001
The Honorable Therese Ann Gantz, Commissioner

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Aaron J. Moskowitz
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Veronika Fabian joined.

---

**F O S T E R**, Judge:

¶1        Diana Turay appeals the superior court's finding that she violated the terms of her probation. Turay argues the State did not provide sufficient evidence that she failed to report her law-enforcement contact, as required by the terms of her probation. Turay also argues the State did not provide sufficient evidence that she had the mental capacity to comply with any terms of her probation. This Court affirms.

## FACTS AND PROCEDURAL HISTORY

¶2        In May 2022, Turay pled guilty to one count of possession of drug paraphernalia. At the time, Turay was serving a three-year probation sentence for a prior crime. The possession charge violated the terms of her probation. After Turay's conviction on the possession charge, the court suspended her new sentence and placed her on another probation term for three years. Turay signed an agreement with the Adult Probation Department ("APD") acknowledging its terms. By October, Turay violated the terms of her probation and did so again in December. Both times, the superior court reinstated Turay's probation and Turay signed an agreement with the APD acknowledging the standard probation terms.

¶3        Each of these three agreements contained substantially the same terms. Turay agreed to "report any contact with law enforcement to the APD within 72 hours" ("Term 3"). She also agreed to report to the APD and to "comply with any written directive of the APD to enforce compliance with the conditions of probation" ("Term 6").

¶4        Between December 2022 and October 2024, Turay violated probation and was subject to a continuity of care plan due to her mental health. In April 2024, Turay signed a Behavior Agreement with her probation officer. The Behavior Agreement, which related to Term 6, stated, as a condition, that Turay would "report to the [Black Canyon Building] office every first Wednesday of the month between 8am-1pm."

¶5            In April, June and July 2024, Turay failed to report to the probation office as agreed, though her probation officer received contact about her through a third party. Turay's probation officer noted that during these months, Turay failed to comply with her April Behavior Agreement to enroll in substance abuse treatment. In August, Turay again failed to report to the probation office as required. Turay's probation officer called and attempted to find her but did not receive any calls, messages or reports from Turay during the month of August.

¶6            About a month and a half later, Turay's probation officer learned that Turay had been arrested, booked and released for misdemeanor theft and failure to appear. Turay had not notified the APD of these events, so the APD petitioned to revoke Turay's probation, and the court issued an arrest warrant.

¶7            After Turay's arrest, the court held a probation violation hearing. During the evidentiary hearing, the State submitted evidence from Turay's probation officer, who discussed Turay's noncompliance with probation terms, and a fingerprint analyst, who attested that Turay was the person who was arrested and pled guilty in 2022. Turay testified as well. She stated that she was not the person arrested for theft in 2024. She also testified that she did not report to the APD because she believed she had completed her probation. At the end of the hearing, the superior court made several findings. The court found that Turay received proper notice of the terms of her probation and that she violated Terms 3 and 6.

¶8            Turay timely appealed. This Court has jurisdiction under Article 6, Section 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(3)–(4).

## DISCUSSION

¶9            Turay argues that insufficient evidence supported the petition to revoke her probation because the State failed to prove that: (1) Turay was the person arrested for theft and (2) Turay had the mental capacity to comply with the terms of her probation.

## I.        Sufficient evidence supports that Turay violated Term 3.

¶10           Courts may revoke probation when a defendant violates a probation term. A.R.S. § 13-901(C). Violation of a probation term must be supported "by a preponderance of the evidence." Ariz. R. Crim. P. 27.8(b)(3). This Court reviews a superior court's decision to revoke probation for abuse of discretion. *See State v. Portis*, 187 Ariz. 336, 338 (App.

1996); *State v. Sanchez*, 19 Ariz. App. 253, 254 (1973). "This court will uphold the superior court's 'finding that a probationer has violated probation unless the finding is arbitrary or unsupported by any theory of evidence.'" *State v. Vaughn*, 217 Ariz. 518, 521, ¶ 14 (App. 2008) (quoting *State v. Thomas*, 196 Ariz. 312, 313, ¶ 3 (1999)).

**¶11** Turay relies on Arizona Rule of Criminal Procedure ("Rule") 20 to argue that substantial evidence was required to support revocation. But Rule 20 addresses the burden of proof for judgments of acquittal and aggravating circumstances in criminal convictions. Ariz. R. Crim. P. 20. Rule 20 requires a court to enter a judgment of acquittal if the State fails to provide substantial evidence to support conviction of "any offense charged in an indictment, information, or complaint." Ariz. R. Crim. P. 20(a)(1). Rule 20 does not address probation violations, which are post-verdict proceedings. *See* Ariz. R. Crim. P. 20. Because Turay's revocation was a post-verdict proceeding, Rule 20 is inapplicable.

**¶12** Turay also argues the evidence presented in support of her probation violation is insufficient in light of her testimony. Turay testified that someone stole her identification in 2020, and the person arrested for theft in September 2024 fraudulently used her identity when booked by the officers. Turay concludes that this evidence of stolen identity enhances the State's absence of evidence, meaning they did not present proof by a preponderance that she violated probation. But the court also heard evidence that Turay received actual written notice of the terms of probation, including Term 3, multiple times from the APD and acknowledged receipt each time. And the APD presented evidence that Turay's probation officer received a notification from a third party indicating Turay had significant contact with law enforcement resulting in her arrest.

**¶13** Because this Court does not reweigh the evidence, *State v. Lewis*, 236 Ariz. 336, 341, ¶ 8 (App. 2014), and the superior court is in the best position to weigh witness credibility and conflicting evidence, this Court defers to the court's determination of those issues. *See State v. Thomas*, 196 Ariz. 312, 313, ¶ 3 (App. 1999); *see also State v. Hunt*, 13 Ariz. App. 267, 270–71 (1970). This Court discerns no error in the court's ruling.

## II. The record supports that Turay has the mental capacity to comply.

**¶14** Turay argues the evidence in the record is insufficient to show she possessed the mental capacity to enter a probation agreement. Because Turay raises the issue of her mental capacity for the first time on appeal,

this Court reviews this issue for fundamental, prejudicial error. *See State v. Peralta*, 175 Ariz. 316, 318 (App. 1993).

**¶15**        To obtain relief under fundamental error review, Turay must show an error occurred at the trial level and that the error was fundamental. *State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018). Error is fundamental if "(1) the error went to the foundation of the case, (2) the error took from the defendant a right essential to [her] defense, *or* (3) the error was so egregious that [she] could not possibly have received a fair trial." *Id.* If Turay establishes prongs one or two, she must make a separate showing of prejudice. *Id.* However, if Turay establishes the third prong, she has shown the error was both fundamental and prejudicial. *Id.*

**¶16**        A probation violation "must be established by a preponderance of the evidence." Ariz. R. Crim. P. 27.8(b)(3). Error occurs if insufficient evidence supports a court's finding that a violation occurred. *See State v. Martin*, 171 Ariz. 159, 160 (App. 1992) (finding insufficient evidence to support a probation violation occurred and was therefore reversible error).

**¶17**        While the court did not explicitly find that Turay had the mental capacity to enter the probation agreement or comply with its terms, the court found Turay knew the terms of her probation and knew she was required to comply with its terms. Inherent in that finding is that Turay had the mental capacity to understand her probation terms and how to comply with them. *See State v. Zamora*, 220 Ariz. 63, 67, ¶ 7 (App. 2009) (permitting this Court to infer the necessary findings to affirm the superior court, "only if the implied findings do not conflict with the court's express findings").

**¶18**        The record supports the court's findings and contains evidence that Turay possessed the mental capacity to understand and follow the terms of her probation. APD documents show Turay successfully reported to her probation officer in May 2024. Turay's probation officer testified that during probation, Turay told him in advance she would be changing her address, a required term of her probation. At the hearing, Turay testified she knew she was on probation, required to report monthly and did not report on the first Wednesday of August 2024. When there is evidence in the record to support the court's finding, this Court cannot hold that the finding is error. *State v. Watkins*, 125 Ariz. 570, 574 (1980).

## CONCLUSION

¶**19**      This Court affirms.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:       JR